15744

KEELS v. POWELL *ET AL.*

(34 S. E. (2d), 482)

*Messrs. Willcox, Hardee, Houck & Wallace,* of Florence,
S. C., and *Dargan & Paulling,* of Darlington, S. C., Counsel
for Appellants,

*Mr. G. Badger Baker,* of Florence, S. C., Counsel for
Respondent,

June 11, 1945.

PER CURIAM.

The order of Honorable R. W. Sharkey, Judge of the Civil Court of Florence, meets with the approval of this Court, and is adopted as its opinion. Let the said order be reported herewith.

The order of Judge Sharkey:

Stated in substance, the allegations of the complaint in this case are that on January 1, 1941, one Willie Matthews, while passing over a crossing of the Seaboard Air Line Railway Company in Florence County, received serious and permanent injuries; that Matthews thereafter retained plaintiff to institute an action against the receivers of the Railway Company for the purpose of recovering a monetary judgment for said personal injuries, or of bringing about an amicable adjustment of Matthews' claim against the receivers; that under the terms of his contract with Matthews, plaintiff was to receive 33 1/3 per cent. of any settlement obtained or judgment recovered; that on January 22, 1941, plaintiff notified the claims agent of the receivers of his retention by Matthews for the aforesaid purposes, and invited a conference with the claims agent with a view of bringing about an amicable adjustment of the matter; that on January 25, 1941, the said claims agent notified plaintiff of the receipt of said communication, indicating that he would confer with plaintiff during the following week; that upon later contacting the claims agent plaintiff was informed that a settlement of the differences between Matthews and the receivers had been consummated; plaintiff then

alleges that the action of the receivers, after notice of the existence of the contract between plaintiff and Matthews, constituted a willful and fraudulent scheme to prevent plaintiff from collecting his fee under the said contract. It is further alleged that the sum paid Matthews by the receivers was $2,500.00 and that plaintiff has been damaged in the sum of $833.33. Judgment is demanded for that amount.

The sufficiency of the complaint has been challenged by demurrer on behalf of the defendants, on the ground "that it does not state facts sufficient to constitute a cause of action in that it appears upon the face thereof that the plaintiff is not suing on the alleged contract with his client, that it is executory and does not undertake to give plaintiff any legal or equitable interest in the alleged cause of action, which is not assignable."

In their argument to sustain the demurrer defendants rely upon the case of *Perry v. Atlantic Coast Life Ins. Co.,* 166 S. C., 270, 164 S. E., 753, 754. I have considered the cited case very carefully, and find that there is considerable factual similarity between it and the case at bar. I note also that the demurrer now before the Court points directly to the legal principle which was raised in and decided by the *Perry case.* In that case a demurrer to the complaint was sustained by the trial Court, upon the grounds that: "The plaintiff is not suing on the contract with his client, but seeks damages from the defendants jointly on the ground that, by their joint tortious combination and agreement, the defendants jointly have injured plaintiff by preventing his receiving the compensation contemplated in his contract with his client. The contract of retainer between the plaintiff and his client, Burch, stated in the fourth paragraph of the complaint, is executory merely, and does not undertake to give plaintiff any legal or equitable interest in the cause of action for slander prior to reduction to judgment. * * * a cause of action for slander is, until reduced to judgment, a tort

of a strictly personal character, and therefore not assignable."

The Supreme Court, in adopting the reasoning of the Circuit Judge, also specifically directed attention to the absence in this State of any statutory or other lien for the protection of attorneys in the collection of compensation due them by clients (with the exception of the lien an attorney has upon the papers of his client in his possession).

The *Perry case,* therefore, insofar as the point decided therein is concerned, is decisive against the right of an attorney to impose upon a third person (such as the defendant in this case) liability for payment of his compensation upon the basis of any legal or equitable interest accruing to the attorney in a cause of action of this nature—prior to reduction to judgment. And, of course, it is also settled that, with the one exception noted, there is no lien which the attorney may assert in order to enforce the payment of his fee.

Unless, therefore, the complaint now before the Court states a cause of action based upon an applicable legal principle without the purview of the *Perry case;* the demurrer should be sustained.

The plaintiff in this case (with some logic, I think) insists that his cause of action is based upon another and different theory.

It is contended that this is an action for the recovery of damages sustained by plaintiff as the result of the tortious acts of the defendants in willfully and fraudulently inducing the aforesaid client to violate his contract of employment with plaintiff.

Resort to the textbooks and decisions reveals that it is well settled that interference by a third party with contractual relationships, without justification, is a violation of a primary legal right. A full statement of this rule is found in 62 C. J., p. 1141 *et seq.,* the gist of which is contained in the follow-

ing language: "While there is some authority to the contrary, it is commonly held an actionable injury to cause another to violate his contract with a third person, without a legal justification, or, as otherwise stated, where the breach is induced or caused maliciously, 'malice' having the meanig in this connection of the intentional doing of a wrongful act without justification or excuse." Citing numerous authorities.

The stated principle has been sanctioned also by our own Court in the recent case of *Parker v. Brown*, 195 S. C., 35, 10 S. E. (2d), 625, 631, wherein it was declared that: "A party to a contract would have a cause of action against a third person for interference with the contractual relationship, but before liability could arise certain factors and elements must appear, the first of which is the existence of a valid contract."

The general tenor of the authorities on the point is to the effect that to give rise to a cause of action of this character the interference must have been willful and unjustified. A fair construction of the allegations of the complaint, in the light of this generally accepted doctrine, constrains me to say that the complaint states such a cause of action.

In reviewing the authorites I find but one reference, insofar as this particular point is concerned, to the relationship cf attorney and client. In 7 C. J. S., Attorney and Client, § 53, p. 836, this statement appears: "Third persons unlawfully interfering with the relationship of an attorney and his client, or using an attorney's name without authority are liable to the attorney for the damages caused thereby."

The general principal here invoked is supported by both reason and authority, and there would appear to be no sound reason why it should not be held applicable to the relation of

attorney and client, as well as to other contractual relationships.

It is therefore ordered, adjudged and decreed that the demurrer interposed by the defendants herein be and the same is hereby overruled.

Mr. Chief Justice Baker and Messrs. Associate Justices Fishburne, Stukes, Taylor and Oxner concur.