15745

RUSHTON v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT

(34 S. E. (2d), 484)

*Mr. A. L. King,* of Georgetown, S. C., Counsel for Appellant.

*Messrs. John M. Daniel,* Attorney General, and *M. J. Hough* and *T. C. Callison,* Assistant Attorneys General, all of Columbia, S. C., Counsel for Respondent,

June 12, 1945.

Mr. Associate Justice Stukes delivered the unanimous Opinion of the Court.

Appellant's intestate lost his life on December 9, 1941, in an accident on Highway No. 701 in Georgetown County. Appellant qualified as administrator of the estate and brought action against the State Highway Department, for the benefit of the three minor children of the deceased, by summons and complaint dated Jauary 7, 1942. The suit papers were mailed to the respondent Department which accepted service of them on January 9, 1942.

Respondent answered on January 22, 1942, admitting certain of the allegations of the complaint but denying negligence and alleging sole and contributory negligence and willfulness on the part of the deceased. There was no reference in the answer to appellant's failure to file a prior claim.

The case was docketed for trial by jury but before it was reached and after six months had elapsed from the time of the accident, .quoting from the Statement in the agreed transcript of record for appeal: "Before the case was called for trial the question was raised verbally as to the alleged failure of plaintiff to comply with Section 5887 of the South Carolina Code of Laws, and by mutual consent the case was carried over."

Upon subsequent call of the case for trial at the April, 1944, term of the Court, and after notice, respondent demurred to the complaint upon several grounds, to wit, first that no claim was filed by appellant against respondent within the statutory period, as provided in section 5887 of the 1942 Code; second, that Joint Resolution No. 224 of the Acts of 1943, 43 St. at Large, p. 478, purporting to "validate" the suit is unconstitutional for undertaking to grant a special privilege, denied to other citizens; third, that the resolution is also unconstitutional for the reason that it was a special law in violation of article 3, section 34, subdivision 9 of the Constitution; and fourth, that the resolution was passed subsequently to the origin of the alleged cause of action and was without retroactive force.

The Circuit Court sustained the demurrer upon the first and third grounds, just stated, and held that the complaint was fatally defective for failure to allege that a claim in conformity with subdivision 3 of section 5887 of the Code was filed, and cited the cases of *United States Casualty Co. v. Highway Department*, 155 S. C., 77, 151 S. E., 887, and *Ancrum v. Highway Department*, 162 S. C., 504, 161 S. E., 98. And it was further held that under the cases of *Ouzts v. Highway Department*, 161 S. C., 21, 159 S. E., 457, and *Kennemore v. Highway Department*, 199 S. C., 85, 18 S. E. (2d), 611, the complaint had been rendered incapable of amendment to cure the deficiency by the passage of time. The joint resolution, No. 224 of 1943, referred to above, was declared void as a special act, in violation of the perti-

nent section of the constitution. Thereupon it was concluded in the judgment under appeal that the demurrer should be, and it was, sustained on the first and third grounds, stated above, and that under those circumstances it was unnecessary to consider the other grounds. Thus the latter passed out of the case.

Plaintiff appealed and his exceptions to this Court properly raise the points (1) that the service of the verified complaint and summons upon the respondent within about a month after the alleged cause of action arose made unnecessary the filing of claim required by the statute involved, No. 5887 of the Code of 1942, and (2) that the lower Court erred in holding that joint resolution No. 224 of the General Assembly of 1943 was unconstitutional and therefore invalid. However, the conclusion we reach makes unnecessary the consideration of appellant's second point. We are convinced that the first proposition should and it will, be answered favorably to appellant. In view of the commencement of the action within the time allowed for the filing of claim, the latter act was not requisite, and allegation of it in the complaint similarly unnecessary to the statement of the cause of action, hence the complaint was not demurrable on that ground.

The former decisions of this Court which are relied upon by respondent are quite clear, and their authority free from doubt, that under the statute which is now section 5887 of the Code of 1942 it was necessay that claims be filed before those suits could be tried, but none of the cases appears to have involved an action brought within the time of the present claim period (differentiating them from this) except that of *Owens v. Highway Department* (165 S. C., 180, 163 S. E., 473), which was commenced about as promptly after injury as was this. But is was brought under the Act of 1925, 34 St. at Large, p. 287, which did not require the filing of claim at all. It was tried after the enact-

ment of 1928 (the present law, with subsequent amendments) which was therefore applicable. Judgment for plaintiff was reversed on appeal but the case was remanded with leave to him to thereafter file his claim with the Department and proceed to supplement his complaint accordingly. Similar disposition of like appeals of the Department was made in the cases of *Fann v. Highway Department,* 155 S. C., 219, 152 S. E., 429, and *Bynum v. Highway Department,* 156 S. C., 232, 153 S. E., 165. It is seen that these decisions are not authority for the harsh result for which respondent contends in the case at bar.

It is apparent that the object of the requirement of the filing of claim within a short period is to put the Highway Department on notice and enable it to make such investigation as it thinks necessary, when the facts are fresh and evidence may be preserved, but that purpose was accomplished in this instance by the service of the sworn complaint when only about one-sixth of the period allowed for claims had passed. The Department was in better position than it might have been even had there been a literal following of the statute. The original complaint was exhibited to the Court upon the hearing of argument on appeal and it contains all of the information which is required by the statute to be included in a claim.

A contrary construction would be within the words of Mr. Justice Cothran in his concurring (in result) opinion in *United States Casualty Co. v. State Highway Department,* supra (155 S. C., 77, 151 S. E., 892), upon another issue of that case, as follows: "I think that this is an exceedingly narrow and unjustified contraction of the purpose of the act, which evidently was that the department should be held responsible for the consequences of its delicts."

For convenience in examination, the pertinent portion of the statute (before the amendment of 1944) is set forth, as follows: "A claim giving the date, place where the injury

or damage occurred, and the amount claimed must be made out, sworn to, and filed with the state highway department within one hundred and eighty days after the alleged injury or damage. Suit, if any, must be commenced, by the service of a summons and complaint, within twelve months from the date of the injury or damage." From subsec. 3, sec. 5887, Code of 1942.

It is seen that the law contemplates the filing of claim and the entering of suit as separate and successive steps, the latter following the former, limited, respectively, to one hundred and eighty days and to twelve months. It seems unreasonable that a suit brought well within the time specified for the filing of claim, by verified complaint containing all the required items of information relating to a claim, should not suffice for both formalities.

A similar problem has heretofore been so solved by this Court. The contractual requirement for the filing of a written claim with a defaulting telegraph company, in order for the claimant to later maintain suit against the company for damages for its delict, is referred to. It was definitely held in *Smith v. Western Union Tel. Co.,* 77 S. C., 378, 58 S. E., 6, 12 Ann. Cas., 654, that the filing of suit within claim time dispenses with the necessity for the latter. See also, 62 C. J., 188. The proposition is the same and surely justly overcomes an otherwise artificial barrier, which is perhaps not inaccurately called a technicality by appellant's counsel. There is no apparent reason not to apply this fair rule to the State Highway Department, particularly in view of the legislative construction, amounting (following the lead of the *United States Casualty Co. case,* supra), to a waiver (of the filing of claim) by the General Assembly in behalf of the State, afforded by the Act of 1944, which latter will now be considered.

In the latter case of *United States Casualty Company,* supra, it was held, and said in the leading opinion, that by

the passage of the Act of March 10, 1928, which is the present Code, section No. 5887, there was a waiver by the State as to the time for the filing of claims upon pre-existing causes of action, but there was no waiver of the requirement that claims as to such causes should be filed. This observation is important in the consideration of Act No. 375, approved February 11, 1944, 43 St. at Large, p. 1179. By that enactment the General Assembly added a proviso to subsection 3 of section 5887 of the Code of 1942, whereby it provided by law the very construction of the statute which is now given by this decision. It is as follows: "Provided, that *it is,* and will be, unnecessary to file a verified claim with the State Highway Department as provided in Subsection 3 of said Act when a summons and verified complaint is served on the State Highway Department within six (6) months after the date of injury, damage or death, as allowed under the provisions of this section." (Emphasis added.)

Can there be doubt of the intent thus evidenced? Legislative acts in derogation of the State's sovereign right of immunity from liability and suit are strictly construed but not to such an extent as to defeat the legislative intent. "It (the rule of strict construction) is subject to the principle that all rules of statutory construction are merely for the purpose of ascertaining the intention of the legislature as expressed in the statute." 50 Am. Jur., 409. See annotation in 136 A. L. R., 582 and compare *Crescent Mfg. Co. v. Tax Commission,* 129 S. C., 480, 124 S. E., 761, and *Sirrine v. State,* 132 S. C., 241, 128 S. E., 172.

Just as this Court decided in the leading case of *United States Casualty Company,* supra, that there was a waiver by the State by the passage of the Act of 1928 of the time for the filing of claims in pre-existing causes of action, this Act of 1944 constitutes a waiver of the filing of claim at all, in cases where suit is commenced by the service of summons

and verified complaint within six months of the date that such causes arise.

The statute under review removed the cloak of immunity (from liability and suit) of the State under certain, specified conditions. *Ouzts v. Highway Department,* 161 S. C., 21, 159 S. E., 457. Were it repealed during the progress of this action, the latter could not be prosecuted to judgment. *Cope v. Hampton County,* 42 S. C., 17, 19 S. E., 1018; *State ex rel. Lyon v. State Dispensary Commission,* 79 S. C., 316, 60 S. E., 928; *Bell v. Highway Department,* 204 S. C., 462, 30 S. E. (2d), 65. By the same token, passage of the amendment of 1944 relieved appellant, and others similarly situated, of the necessity of having filed claim in one hundred and eighty days (or six months) if suit had been brought in that time after injury.

The latter consideration is as conclusive of this case as is the first stated. They require reversal.

The judgment appealed from is reversed, the demurrer overruled, and the case is remanded to the Circuit Court.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.