## STATE FARM FIRE INS. CO. v. GREGORY.

### No. 6132.

United States Court of Appeals.
Fourth Circuit.

Argued Oct. 6, 1950.

Decided Oct. 10, 1950.

448

Joseph L. Nettles, Columbia, S.C. (Thomas, Cain & Nettles, Columbia, S. C., on the brief), for appellant.

D. Reece Williams, Lancaster, S.C. (Williams & Parler, Bell & Bell, D. Glenn Yarborough and James H. Howey, all of Lancaster. S.C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

█ This is an appeal from a judgment for plaintiff in an action for damages for malicious interference with contract. Plaintiff is an attorney at law who had been employed by an insured to bring an action for recovery on a contingent fee basis on a valued fire insurance policy. The only question presented by the appeal is the sufficiency of the evidence to support the verdict in plaintiff's favor. There was evidence tending to show that an adjuster of the company, after learning of plaintiff's employment by the insured, induced the latter to settle for less than the face of the policy by representing that this would be more advantageous to him than proceeding with the suit and dividing the recovery with plaintiff. While there is evidence to the contrary, there is abundant evidence, when taken in the light most favorable to plaintiff, to support the conclusion that the adjuster obtained the settlement by inducing the insured to abandon his lawyer and save the fee which he had contracted to pay. This clearly made out a case for plaintiff. Keels v. Powell, 207 S.C. 97, 34 S.E.2d 482.

█ It is argued that the recovery should have been limited by the percentage provided for in the contingent fee as applied to the amount of the compromise and not as applied to the face of the policy; but it is clear that the damages recoverable as the result of the wrongful interference with contract should not be limited to the proceeds of the settlement which resulted from the wrongful interference. The jury might well have concluded that, but for the interference, plaintiff would have recovered the full amount of the policy for his client and would have been entitled to the percentage thereof provided for in his contract for contingent fee. The settlement at less than the face of the policy was based upon the elimination of plaintiff's fee by the wrongful interference with his contract; and damages for the wrong should embrace all elements reasonably flowing therefrom and not be limited by the amount of the settlement made in its perpetration. To permit this would be to permit the wrongdoer to profit to that extent from the wrong that he has perpetrated. In addition to this, the question was not raised prior to verdict by prayer for instruction or otherwise; and whether the trial judge would grant a new trial on any such ground raised for the first time after verdict was a matter resting in his sound discretion.

Affirmed.