Panagiotis **KOTSIFAKIS**, Libellant-
Petitioner,

v.

**A. LUSI, Ltd., Argonaut Navigation Co.,
Ltd., Argonaut Trading Agency, Inc.,
and The S.S. Argovan, Respondents.**
No. 234.

United States District Court
E. D. Virginia, Newport News Division.
Dec. 21, 1955.

Morewitz & Morewitz, Jacob L. More-
witz, Newport News, Va., for petitioner.

Vandeventer, Black & Meredith, Bra-
den Vandeventer, Jr., Norfolk, Va., for
respondents.

HOFFMAN, District Judge.

The libel in the above action was filed
by Messrs. Morewitz & Morewitz, proc-
tors for libellants, on the 6th day of Sep-
tember, 1955. Such service as was ob-
tained was through the medium of deliv-
ering a copy of the citation on Robert H.
Hasler, Jr., of the firm of Hasler & Com-
pany, stated by proctors for libellant to
be agents for A. Lusi, Ltd., and Argon-
aut Trading Agency, Inc. The respond-
ents, A. Lusi, Ltd. and Argonaut Trading
Agency, Inc., promptly filed a motion to
vacate the service of process and to dis-
miss the action but, for reasons herein-
after stated, it appears to be unnecessary
to pass upon the questions thus raised.

On October 28, 1955, Argonaut Navi-
gation Co., Ltd., appearing specially
herein, filed its exceptive allegations al-
leging as follows:

"1. That a valid release in the
sum of $964.88 had been signed by
the libellant on or about October 17,
1955.

"2. That Messrs. Morewitz &
Morewitz, proctors for libellant,
were discharged as such by letter
dated September 26, 1955, duly
signed by the libellant and attached
as an exhibit to the exceptive allega-
tions."

Respondent, Argonaut Navigation Co., Ltd., similarly filed a notice to admit, requesting libellant to state whether or not he had previously discharged his proctors, Messrs. Morewitz & Morewitz, and whether or not the release attached to the exceptive allegations had been executed by libellant. Objections to the notice to admit were filed by Messrs. Morewitz & Morewitz.

On November 2, 1955, an alias citation was served in person on the master of the S.S. Argodon, alleged to be a sister ship to the S.S. Argovan, and alleged to be owned and controlled by the same respondents. An affidavit of the master of the vessel indicates that the S.S. Argodon and S.S. Argovan are controlled by different corporations but this is likewise immaterial to determine under the facts hereinafter stated.

Messrs. Morewitz & Morewitz and Messrs. Vandeventer, Black & Meredith, proctors for the various parties, have stipulated that if certain testimony was taken in New York, the evidence of three witnesses would reveal that the libellant signed the release in the sum of $964.88 as his free act and deed; that the release was written in English and in Greek; that libellant read the release before executing same; that libellant acknowledged that he understood the contents and meaning of the release and that he was not forced or persuaded in any manner to execute the same; that for a period of approximately three weeks prior to the signing of the release libellant visited the offices of John C. Monroe, Inc., acting in behalf of Argonaut Trading Agency, Inc., insisting that his claim be settled; that libellant also exhibited copies of a registered letter, together with return receipt, written in both English and in Greek, addressed to Messrs. Morewitz & Morewitz and discharging them as his attorneys.

At a hearing on the exceptive allegations held at Newport News, Virginia, on November 30, 1955, the Court requested counsel to state their respective positions. Mr. Vandeventer, representing the respondents, stated that during the latter part of September, 1955, the libellant came to his office in Norfolk, Virginia, and, with the assistance of an interpreter, indicated that he wished to make settlement of his claim. Mr. Vandeventer replied that it would be improper for him to discuss the matter without libellant's counsel being present and thereafter permitted the interpreter, speaking for libellant, and counsel for libellant to confer by telephone for a considerable period of time. Subsequently libellant and the interpreter endeavored to see the undersigned United States District Judge but permission for an interview was refused unless counsel for both sides were present. It was after these two events that libellant went to New York and effected the settlement above mentioned.

■ It is fundamental that any party litigant has an absolute right to discharge his counsel in any proceeding, conditioned that counsel be paid the fair and reasonable value of his services. Messrs. Morewitz & Morewitz, proctors for libellant, complied with Section 54–70 of the Code of Virginia, 1950, in asserting their lien at the time of their original employment. As to the lien so created, the settlement is void. Counsel for respondents freely admit that respondents are obligated to pay Messrs. Morewitz & Morewitz the fair value of their services rendered in accordance with the settlement effected. Messrs. Morewitz & Morewitz insist that it is the duty of the Court to proceed to hear the case as a continuation of the original action, thus establishing their right to a larger fee. From the standpoint of practical procedure it appears that it will be most difficult for Messrs. Morewitz & Morewitz to now prove the claim and, in any event, the sole purpose of the continuation of any litigation would be to ascertain the true amount of any lien. The attention of the Court has been directed to State Farm Fire Insurance Co. v. Gregory, 4 Cir., 184 F.2d 447, which was an action by an attorney at law alleging *malicious interference with a contract of employment*. In the cited case the Court point-

ed out that the adjuster for the insurance company, after learning of plaintiff's employment by the insured, persuaded the claimant to effect a settlement for less than the face of the policy by representing to him that it would be more advantageous than proceeding with the litigation and dividing the recovery with the plaintiff. This Court has no reason to disagree with the opinion in State Farm Fire Insurance Co. v. Gregory, but in the present action we are not concerned with an action for malicious interference with the employment contract. The only matter now before the Court is the duty to protect the lien of the attorney in a summary manner, all of which is admitted by respondents. The remedies of an attorney in such a situation are well stated in 7 C.J.S., Attorney and Client, § 231, p. 1180. This does not appear to be a case in which the respondents or their counsel have been guilty of any fraud or collusion. In fact, it seems that the libellant was overly anxious to effect a settlement, and it is generally well stated that the party litigant controls his case so far as the acceptance or rejection of a settlement offer may be involved. There is adequate authority to the effect that an attorney must first obtain leave of court to continue the prosecution of any action after settlement has been made and that this is a discretionary matter resting in the breast of the Court.

The present action involves a foreign seaman whose whereabouts is unknown. If it became necessary for him to testify in the case, the matter would be indefinitely delayed. In the absence of any showing to the contrary, it seems that the settlement was fair and reasonable and not subject to attack.

■ The exceptive allegations relating to the release are sustained. Counsel for respondents will prepare an order directing the respondents, Argonaut Navigation Co., Ltd. or Argonaut Trading Agency, Inc., to pay to Messrs. Morewitz & Morewitz the sum of $321.63, same representing one-third of the total settlement of $964.88, and said respondents shall further pay the court costs accrued in this action. Upon the payment of the aforesaid sums the lien of said attorneys shall stand discharged and this action shall stand dismissed with prejudice. Should proctors for libellants deem that they have basis for an action founded upon malicious interference with their contract of employment, their rights can hardly be jeopardized by the proceedings taken by the Court in a summary manner to protect their lien.