17984

John Boyd SMITH and Nina Walden Smith, trading and doing business under the name and style of Johnny Smith Excavating Contractor, Appellants, v. The CITIZENS AND SOUTHERN NATIONAL BANK OF SOUTH CAROLINA and Sam A. Sloane, trading and doing business under the name and style of Sam A. Sloane Construction Company, Respondents.

(128 S. E. (2d) 112)

*Messrs. Johnson & Smith,* of Spartanburg, *for Appellants,*

*Messrs Means & Browne,* of Spartanburg, *for Respondent,*

November 2, 1962.

LEWIS, Justice.

This action was instituted by the plaintiffs against the defendants Sam A. Sloane, doing business under the name and style of Sam A. Sloane Construction Company, and The Citizens and Southern National Bank of South Carolina for damages, both actual and punitive, allegedly sustained by the plaintiffs from the failure of the defendant Sloane to pay an obligation due by him to them, such failure of Sloane to pay allegedly resulting from an unlawful interference by the defendant Bank with the contractual relations between the plaintiffs and Sloane. This appeal is by the plaintiffs from an order of the lower court sustaining a demurrer of the defendant Bank to the complaint upon the ground that the complaint failed to state facts sufficient to constitute a cause

of action against it, in that the complaint failed to allege any act of the Bank which resulted in loss or damage to the plaintiffs. No pleading has been filed by the defendant Sloane, and we are only concerned in this appeal with whether the lower court correctly held that the complaint failed to state a cause of action against the defendant Bank.

Briefly, the complaint alleges as follows : The plaintiffs and the defendant Sloane were engaged as partners over a period of several months in the performance of a road building contract with the South Carolina State Highway Department. This contract was completed prior to November 30, 1960. The agreement between them was that upon completion of the work they would pay all claims arising out of the job and then have a final accounting and settlement. The plaintiffs owed at the time to the defendant Bank a secured obligation upon which there was a balance due of $1,485.65. Before the accounting and settlement between the plaintiffs and Sloane was completed, Sloane advised the plaintiffs that he had been instructed by the defendant Bank, in effecting a settlement with plaintiffs, to issue a check for the sum of $1,485.65 jointly to plaintiffs and the Bank to settle the foregoing account. The account owed by the plaintiffs to the Bank was not a claim against the funds due to the plaintiffs on the highway contract, and plaintiffs urged Sloane to ignore the Bank's demands, but Sloane refused to do so. On November 30, 1960, the plaintiffs and Sloane "reached an accord, settlement and final accounting" showing Sloane to be due to plaintiffs the sum of $1,586.65, of which the plaintiffs "were forced to agree" that $1,485.65 was to be paid jointly to them and the Bank and the balance to the plaintiffs. It is then alleged that, "after securing a written release from the plaintiffs on these enforced terms," Sloane "repudiated the settlement, sought to reduce the amount he owed them, and has paid nothing to these plaintiffs or the Bank, and the full amount of $1,586.65 is due and owing;" and that the demand made on Sloane by the Bank was an interference with plaintiffs' contractual relations and "induced and co-

erced Sam A. Sloane to breach his contract with the plaintiffs." Following these allegations, the complaint alleges that the defendant Sloane "refused to pay these plaintiffs what was due them, and under the guise and pretext at first of recognizing the Bank's demand now has refused to pay either the Bank or these plaintiffs."

The complaint, by way of conclusions of the pleader, characterizes the conduct of both defendants as having been reckless and malicious; and alleges that their acts were "joint and several and combined and concurred to the loss, injury and damage" of the plaintiffs.

It is conceded, as stated by the lower court, that "the gravamen of the complaint against the defendant Bank is that its demand on the defendant Sloane, with respect to the disbursement of any funds due plaintiffs, was an unlawful interference with plaintiffs' contractual relations with the defendant Sloane, which resulted in loss to plaintiffs."

It is now settled in this State that "parties to a contract have a property right therein, which a third person has no more right maliciously to deprive them of, or injure them in, than he would have to injure their property. Such an injury, without sufficient justification, amounts to a tort for which the injured party may seek compensation by an action in tort for damages." *Chitwood v. McMillan,* 189 S. C. 262, 1 S. E. (2d) 162, 163. It is upon the foregoing principles that the present action is based.

However, in order to constitute actionable interference with a contract, it must appear that the act complained of was the proximate cause of the injury or damage. 30 Am. Jur., Interference, Sections 28 and 29; Annos.: 84 A. L. R. 51 and 26 A. L. R. (2d) 1249.

The contractual relationship, which it is alleged that the defendant Bank interfered with, was that of the defendant Sloane to pay to plaintiffs the amount due by him under their contract. The damages to plaintiffs, if any, resulted from Sloane's refusal to pay the amount so due.

The lower court sustained the demurrer of the defendant Bank to the complaint upon the ground that "the complaint neither alleges nor suggests that the Bank had anything whatever to do with Sloane's refusal to pay the balance claimed by plaintiffs," with which we agree. The complaint negatives any inference of loss or damage to the plaintiffs from any act of the Bank in demanding that Sloane make payment jointly to it and the plaintiffs. The complaint alleges that after the accounting between the plaintiffs and the defendant Sloane, in which it was determined that Sloane owed to them the sum of $1,586.65, Sloane "repudiated the settlement, sought to reduce the amount he owed them, and has paid nothing to these plaintiffs," and that Sloane "under the guise and pretext at first of recognizing the Bank's demand now has refused to pay either the Bank or these plaintiffs." The failure of plaintiffs to receive from Sloane the amount due them resulted, under the allegations of the complaint, from Sloane's refusal to pay under any circumstances and not from the Bank's directions as to the manner of disbursement of such funds.

We think the lower court properly held that there was no causal connection alleged between the acts of the defendant Bank and the damages allegedly sustained by the plaintiffs.

Affirmed.

TAYLOR, C. J., Moss and BUSSEY, JJ., and LEGGE, Acting Associate Justice, concur.