## 20195

Katherine L. BALDWIN, Respondent, v. Paul W. SANDERS, Jr., and Paul W. Sanders, III, Appellants.

(223 S. E. (2d) 602)

*Messrs. Grimball & Cabaniss,* of Charleston, *for Appellants,*

*Messrs. Hollings, Hawkins & Morris,* of Charleston, *for Respondent,*

March 29, 1976.

GREGORY, Justice:

This case involves the question of whether or not doctors performing a vasectomy on a husband entered into any contractual relationship with the wife who after becoming pregnant shortly after the operation instituted this suit. The appeal is from the order of the lower court overruling appellant's demurrer that the complaint did not state a cause of action. We affirm.

Respondent served her Complaint on February 18, 1975. In the Complaint she alleges that the appellants are doctors practicing in the County of Charleston; that in 1971 she and her husband determined to consult the appellants concerning the desirability and feasibility of sterilization of her husband, as a birth control measure; that her husband did consult with the appellants and made an agreement for an operation known as a vasectomy so as to sterilize him; that prior to the operation the respondent, Katherine L. Baldwin, signed a form provided by appellants and brought to her by her husband, in which she indicated her understanding that sterility would result from the operation; that she provided some of the funds to pay the appellants for their services in performing the said operation; that the appellants performed the operation and conducted a sterility test on her husband six (6) weeks after the operation; and in spite of the operation and the said test the respondent later became pregnant and gave birth to a child; and respondent alleges that the appellants had a contractual duty to inform her of the material facts concerning the operation and to perform the operation in a proper manner; and that the appellants have breached the said contractual duty, on account of which respondent claims damages.

The appellants served a timely Demurrer to the Complaint on the ground that it appears upon the face of the Complaint that the same does not constitute a cause of action since the Complaint shows on its face that it is an action on a contract between the respondent's husband and the appellants, and the only connection which the respondent had with the alleged contract is her contribution of funds to her husband in order to pay the consideration required of him, and her signature on a form submitted to her husband by the appellants; and, consequently, it appears on the face of the Complaint that there was no contract between the respondent and the appellants, because there was no offer and acceptance, and no meeting of the minds.

The Demurrer was argued before the Honorable Dan F. Laney, Jr., Presiding Judge of the Ninth Judicial Circuit, on April 9, 1975, and thereafter he issued his Order, overruling the Demurrer. This appeal followed.

In determining whether the trial court erred in overruling a Demurrer the Complaint should be construed favorably to the respondent. The Complaint is sufficient if it states any cause of action or when the respondent is entitled to any relief whatever. *Independent Steam Fire Engine Co. v. Richland Lodge,* 70 S. C. 572, 50 S. E. 499 (1905). Cf. *Greneker v. Sprouse,* 263 S. C. 572, 211 S. E. (2d) 879 (1975).

The question raised is one of first impression before this Court. We are unable to say on the basis of the pleadings that the respondent is not entitled to any relief whatever. In the interest of justice to the parties to this suit as well as future litigants, we decline to rule on this increasingly important question without the benefit of a fully developed record. This procedure is that followed in *Vaden v. College Heights Subdivision,* 261 S. C. 509, 201 S. E. (2d) 113 (1973). It is therefore the opinion of the Court that the order of the lower court be

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.