20194

M. L. MEADORS, Respondent, v. SOUTH CAROLINA MEDICAL
ASSOCIATION et al., Appellants.

(223 S. E. (2d) 600)

*Messrs. Thomas E. McCutchen,* and *Jeter E. Rhodes,
Jr.,* of *Whaley, McCutchen & Blanton,* Columbia, *for Appellants,*

*Messrs. Wright, Scott, Blackwell & Powers,* of Florence, and *Medlock & Davis,* of Columbia, *for Respondent,*

*Messrs. Thomas E. McCutchen* and *Jeter E. Rhodes, Jr.,* of *Whaley, McCutchen & Blanton,* Columbia, *for Appellants, in Reply,*

March 29, 1976.

GREGORY, Justice:

This appeal is from an order of the trial judge overruling identical demurrers, both on the ground that the two causes of action alleged in the complaint did not state facts sufficient to constitute a cause of action. We affirm the lower court.

Suit was commenced by service of the Summons and Complaint on all appellants alleging a first cause of action against the South Carolina Medical Association for breach of employment contract and a second cause of action against the individually named appellants for intentional interference with the employment contract.

The appellants, South Carolina Medical Association, Dr. John Hawk and Dr. Donald Kilgore, served a demurrer alleging that each alleged cause of action failed to state facts sufficient to constitute a cause of action and that the two causes of action were improperly united. Appellant Dr. Ernest Lathem served an identical demurrer.

The court overruled the grounds of the demurrers that the complaint failed to state the two causes of action but sustained the ground of the demurrers that the two causes of action were improperly united and dismissed the complaint without prejudice.[1] This appeal lies only from that portion of the lower court's order which overruled the demurrers. They do not appeal from the dismissal without prejudice.

Section 15-123 of the 1962 Code of Laws as amended provides for our review of any intermediate order or decree in a law case involving the merits in ac-

---

[1] The trial judge dismissed without prejudice to respondent's right to replead his case in a new complaint. Respondent's brief asserts that the records of the Court of Common Pleas for Richland County will reveal that a subsequent action has been filed against the South Carolina Medical Association similar in form but not identical to the complaint in the first action.

tions commenced in the court of common pleas. Since appellants do not appeal the dismissal, the appeal of the order overruling the demurrers constitutes an intermediate order within the meaning of the code section. An order overruling a demurrer on the ground that it fails to state a cause of action is one "involving the merits".

On appeal from overruling a demurrer to a complaint this Court is required to assume the allegations of the complaint are true. *Lewis v. Lewis,* 199 S. C. 490, 20 S. E. (2d) 107 (1942). Respondent in his complaint has alleged a contract of employment for a duration of years between himself and the South Carolina Medical Association which he alleges the Association has breached causing him loss of employment. In the second cause of action he alleges that Dr. John Hawk, Dr. Donald Kilgore and Dr. Ernest Lathem unjustifiably, intentionally and maliciously interfered with the employment contract inducing its breach by the Association. When such allegations are accepted as true they state facts sufficient against demurrer.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.