20626

Patricia A. SMITH, Appellant, v. HOLT, RINEHART AND WINSTON, INC., Sales Consultants of Columbia, Inc. and Ken Crabb, Respondents.

(242 S. E. (2d) 548)

*Davis and Brandon,* of Columbia, *for Appellant,* 

*McKay, Sherill, Walker & Townsend,* of Columbia, *for Holt, Rinehart & Winston, Inc.*

*Cromer and Craig,* and *Richardson, Plowden, Grier & Howser,* of Columbia, *for Respondents,* 

March 2, 1978.

LITTLEJOHN, Justice.

This appeal is from the order of the lower court sustaining the defendants' three separate demurrers to the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action. Permission to replead was not granted.

The plaintiff, Patricia Smith (Smith), commenced this action against the defendants Holt, Rinehart and Winston, Inc. (HRW), Sales Consultants of Columbia, Inc. (Employment Agency), and Ken Crabb (Crabb), alleging a cause of action for tortious interference with prospective advantage. The lower court recognized the viability of a cause of actiton for tortious interference with prospective advantage, but sustained each demurrer for failing to state a cause of action, and dismissed the complaint. Smith appeals.

As additional sustaining grounds the defendants-respondents submit that no cause of action is recognized in this state for interference with prospective advantage.

On appeal from an order sustaining a demurrer, this Court's review is limited to the allegations stated in the complaint, which are assumed to be true. *Herndon v. Wright,* 257 S. C. 98, 184 S. E. (2d) 444 (1971). A demurrer to a complaint cannot be sustained if facts sufficient to constitute any cause of action are stated in or can fairly be gathered from the complaint. *Baldwin v. Sanders,* 266 S. C. 394, 223 S. E. (2d) 602 (1976).

The complaint alleges that Smith entered into a contract with the Employment Agency, whereby the Employment Agency undertook to find employment for Smith in sales; that Smith later answered an advertisement run by the Employment Agency on behalf of HRW for a position in educational sales; that Smith applied for the job with HRW and that Crabb, an employee of the Employment Agency, was assigned to handle negotiations between Smith and HRW; that Smith had several interviews with HRW, after which she and HRW had virtually agreed to employment at a salary of $12,000.00 per year; that Smith later learned that Crabb had been interviewing for the job with HRW, and that he was given the position for which she had applied. It is further alleged that Smith was never told that an employee of the Employment Agency was being considered for the position with HRW, and that Crabb's actions were approved by the Employment Agency, which accepted a fee from HRW knowing that they were breaching a contract with Smith. Finally, the compliant alleges that Crabb and HRW conducted negotiations in secret at the same time that Smith was interviewing for the position, and that Crabb's actions constituted a course of double-dealing and willful, deceitful and malicious conduct which deprived Smith of the prospective advantage she had in the likelihood of lucrative and permanent employment with HRW.

We think that disposition of the issue raised by the additional sustaining ground makes all other issues moot. That issue is: Does a cause of action for interference with prospec-

tive advantage lie under the common law of this state? Smith concedes that there are no South Carolina cases which recognize such a cause of action. She urges that we recognize the legal theory based on the fact that other jurisdictions have done so. We acknowledge that there is authority for such claims. *See* Prosser, *The Law of Torts* § 130 4th ed. (1971); Harper and James, *The Law of Torts* § 6.11 (1956); 45 Am. Jur. (2d) *Interference* §§ 50-51; *Restatement Second, Torts, Tentative Draft* § 766A (1969).

Smith argues that since we recognize a cause of action for tortious interference with contract, *Keels v. Powell*, 207 S. C. 97, 34 S. E. (2d) 482 (1945), there is no reason why we should not also recognize the viability of a cause of action for tortious interference with prospective contractual relations.

The cause of action for tortious, or malicious, interference with contractual relationships was first recognized in South Carolina in the case of *Chitwood v. McMillan*, 189 S. C. 262, 1 S. E. (2d) 162 (1939). It was there stated that the doctrine, which had its genesis in the early English case of *Lumley v. Gye*, 2 El. & Bl. 216, 118 Eng. Rep. 749 (1853), was based on the theory that

"the parties to a contract have a property right therein, which a third person has no more right maliciously to deprive them of, or injure them in, than he would have to injure their property." *Chitwood, supra,* at 1 S. E. (2d) 163.

The principle that a right of action for tortious interference lies where there is a valid contract, has been followed in *Keels v. Powell, supra,* at 207 S. C. 101, 34 S. E. (2d) 484, and *Parker v. Brown*, 195 S. C. 35, 10 S. E. (2d) 625, 631 (1940), but has never been expanded in South Carolina to encompass prospective contractual relations. More recently, the cause of action for intentional interference with contractual relations has been recognized in *Crowe v. Domestic Loans, Inc.*, 242 S. C. 310, 313, 130 S. E. (2d) 845 (1963); *Meadors v. South Carolina Medical Ass'n*, 266 S. C. 391,

223 S. E. (2d) 600 (1976), and *Webster v. Holly Hill Lumber Co.,* 268 S. C. 416, 234 S. E. (2d) 232 (1977).

Despite authority, we decline to recognize such a claim by judicial fiat. We think that the limitation on a cause of action for intentional interference, to instances where there is a valid contract in existence, is justified by the fact that the parties have a property right in an existing contract. No such property right can be said to exist in the mere "likelihood of employment." The law affords no protection to rights which are not in existence. If an action for tortious interference with prospective advantage or prospective contractual relations is to become the law in this State, it should be by legislative enactment.

We conclude that the lower court was correct in sustaining the demurrers and in dismissing the complaint. We reach the conclusion by way of the additional sustaining grounds under Rule 4, Section 8, of this Court, which permits affirmance "upon any ground appearing in the record."

Affirmed.

NESS and RHODES, JJ., concur.

LEWIS, C. J., and GREGORY, J., dissent.

LEWIS, Chief Justice (dissenting):

I think that the complaint states a cause of action and I, therefore, dissent.

The allegations of the complaint, admitted for the purposes of demurrer, show that appellant (plaintiff) entered into a contract with the respondent Sales Consultants, an employment agency, under which Sales Consultants agreed to attempt to find employment for appellant. Pursuant to a newspaper advertisement by Sales Consultants and in furtherance of the contract between it and appellant, appellant was informed of a job opening with respondent Holt, Rinehart and Winston, Inc. (HRW); and respondent Crabb, an

employee of Sales Consultants, was assigned by the latter to handle negotiations between appellant and respondent HRW. Thereafter, appellant had a series of job interviews with HRW and, at one of these interviews, was told that she virtually had the job at an annual salary of $12,000.00, but would be notified of the outcome after an interview with another prospect. Sometime later, appellant learned that the other prospect was respondent Crabb, who was handling negotiations for her, and that he had been given the job which she had been seeking and which he and his company had agreed to assist her in securing.

Appellant was never told that respondent Crabb, an employee of respondent Sales Consultants, had applied, and was being considered, for the position in question, but the negotiations between respondents were held in secret "at the very time they were interviewing the plaintiff [appellant] for the position." The actions of respondent Crabb were approved by his employer, Sales Consultants, which accepted a fee from respondent HRW, knowing that they were breaching a contract with appellant.

The complaint alleges that the actions of the respondents constituted a course of double-dealing and wilful, deceitful and malicious conduct which deprived appellant of the prospective advantage she had in the likelihood of lucrative and permanent employment with respondent HRW. Damages are sought against all respondents for the alleged interference by them with appellant's right to procure employment.

The question to be decided is whether the foregoing facts are actionable.

We have long recognized a cause of action for tortious interference with contract. *Chitwood v. McMillan,* 189 S. C. 262, 1 S. E. (2d) 162; *Parker v. Brown,* 195 S. C. 35, 10 S. E. (2d) 625; *Keels v. Powell,* 207 S. C. 97, 34 S. E. (2d) 482; *Meadors v. S. C. Medical Assn.,* 266 S. C. 391, 223 S. E. (2d) 600.

There is no sound distinction between wrongfully interfering with a contractual relationship and wrongfully interfering with the right to contract. There is no material difference between the loss of employment and the inability to secure employment when each is caused by the malicious interference of a third person. In both, the intent and the injury are the same.

The decisions point out that an individual has a right to have business relations with anyone with whom he can contract, including the right to work or to contract to work; and the malicious interference with such right constitutes an actional infringement of a property right. It follows that, if a person is wrongfully prevented from securing a particular employment he is entitled to recover, provided it is shown , that the failure to secure the employment was a direct and natural consequence of the wrongful act. Prosser, Law of Torts, 4th ed., Section 130; 45 Am. Jur. (2d), Interference, Sections 50-51; Anno: 99 A. L. R. 12.

Under the allegations of the complaint, respondent Sales Consultants, and its employee, respondent Crabb, owed a duty to appellant to assist her in finding employment. While ostensibly engaged in so doing, respondent Crabb, with the approval of his employer, respondent Sales Consultants, violated this duty and obligation by secretly procuring the job for himself. Respondent HRW knew of the contractual relationship between appellant and the other respondents and, with such knowledge, aided the other respondents in destroying any right of appellant to the job by giving it to respondent Crabb who had bound himself to protect appellant's interests.

Respondent Crabb forfeited any competitive right to seek the position in question to the detriment of appellant when he and his employer contracted to assist her in procuring the same job.

The complaint alleges that the actions of respondents were done maliciously, "malice having the meaning in this con-

nection of the intentional doing of a wrongful act without justification or excuse." *Keels v. Powell, supra.*

The complaint alleges a cause of action for the malicious interference with appellant's right to secure employment and the demurrer should have been overruled.

I would reverse the judgment and remand for trial.

GREGORY, J., concurs.