20676

Robert Lee **WILLIAMS**, Respondent, v. Donald **STREB** and Sea Pines Plantation Company, Appellants.

(243 S. E. (2d) 926)

*Barry L. Johnson* of *Dowling, Sanders, Dukes, Novit & Svalina,* Beaufort, *for appellants.*

*Charles E. Houston, Jr.,* Walterboro, *for respondent.*

May 4, 1978.

GREGORY, Justice:

Respondent Robert Lee Williams brought this action to recover damages for certain allegedly slanderous statements made by appellant Donald Streb. This appeal is from the order of the lower court overruling appellants' demurrer that the respondent's complaint does not state a cause of action. The issue is whether allegedly slanderous statements made in the course of an employee termination hearing are absolutely privileged. We affirm the lower court's order overruling the demurrer.

On September 15, 1976, respondent was discharged from his employment with appellant Sea Pines Plantation Company by appellant Donald Streb, an agent and employee of Sea Pines. Subsequent to the discharge, Sea Pines held two personnel action review hearings, the first on September 28, 1976, and the second on October 12, 1976. During the October hearing appellant Donald Streb specified the reasons Mr. Williams was discharged.

This action was commenced by respondent in January 1977, alleging he was "greatly injured in his credit and reputation past and future earnings and reputation" by Mr. Streb's statements during the October hearing. Respondent alleged the statements were "false and defamatory" and "were spoken wilfully and maliciously and with intent to injure and damage" respondent.

Appellants demurred to the complaint on the ground that the statements were made during a hearing concerning the discharge of an employee and thus were protected by absolute privilege.

The lower court overruled the demurrer and this appeal followed.

> On appeal from an order overruling a demurrer to a complaint this Court will assume the allegations in the complaint are true. The complaint is sufficient

if it states any cause of action or if it appears respondent is entitled to any relief whatsoever. *Baldwin v. Sanders,* 266 S. C. 394, 223 S. E. (2d) 602 (1976).

The question in this case is whether the circumstances under which the allegedly slanderous statements were made were such that, assuming the statements to be legally slanderous, the occasion was absolutely privileged.

This Court has never before held that statements spoken under these circumstances were absolutely privileged, and we are now asked by appellants to decide a novel question on the basis of the pleadings. The rule announced in *Springfield v. Williams Plumbing Supply Co.,* 249 S. C. 130, 153 S. E. (2d) 184 (1967) is applicable here:

To so hold would involve the decision, on demurrer, of important questions of novel impression, the decision of which could have far reaching effects. Under all of the circumstances and in justice to the parties, as well as future litigants, we think these questions should not be decided on demurrer. 153 S. E. (2d) at 187.

See also: *Hanselmann v. McCardle, et al.,* S. C., 242 S. E. (2d) 421 (1978) (Filed March 14, 1978); *Baldwin v. Sanders, supra; Vaden v. College Heights Subdivision,* 261 S. C. 509, 201 S. E. (2d) 113 (1973).

In the interest of justice to the parties to this suit as well as future litigants, we decline to rule on this question without the benefit of a fully developed record. The order of the lower court overruling appellants' demurrer is

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.