## YRACHETA v. STANFORD.

(Supreme Court, Appellate Term. December 22, 1909.)

1. FRAUDS, STATUTE OF (§ 152*)—PLEADING AS NATURE OF DEFENSE—EFFECT OF FAILURE.

   The statute of frauds merely introduces a rule of evidence, and hence is waived, unless the party entitled to take advantage thereof presents it as a defense by demurrer or answer.

   [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 365; Dec. Dig. § 152.*]

2. FRAUDS, STATUTE OF (§ 149*)—PLEADING—COMPLAINT.

   Plaintiff, in an action on a contract, is not required to plead facts which, if proven, necessarily avoid the statute of frauds; it being sufficient if he pleads a legal contract and such additional facts as may render the statute inapplicable.

   [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 359; Dec. Dig. § 149.*]

3. FRAUDS, STATUTE OF (§ 33*)—PROMISE TO PAY ANOTHER'S DEBT—CONSIDERATION.

   An independent verbal promise to pay a debt of another is enforceable only in case it is based on an independent consideration.

   [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 50–56; Dec. Dig. § 33.*]

4. FRAUDS, STATUTE OF (§ 33*)—PROMISE TO PAY ANOTHER'S DEBT—CONSIDERATION—EVIDENCE.

   A corporation of which defendant was a chief stockholder being indebted to plaintiff, defendant, being pressed for payment, stated that he would pay the bill, and on plaintiff replying, "I want my money," defendant answered that he could not raise the money then, but that if plaintiff would wait until the following January 1st he would pay. Plaintiff made no promise to forbear, but did so, and then sued defendant for the debt. *Held*, that defendant's promise to pay and plaintiff's forbearance were mutually independent, and, the one not being the consideration for the other, defendant's promise was unenforceable.

   [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 50–56; Dec. Dig. § 33.*]

5. JUDGMENT (§ 250*)—CONFORMITY TO PLEADINGS—THEORY OF CAUSE.

   Where plaintiff sued defendant on an express promise to pay the debt of a corporation of which he was a stockholder, he could not recover on the theory that defendant was liable as a partner in the business which the corporation was organized to take over; a part of the claim having accrued prior to the incorporation.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 436; Dec. Dig. § 250.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Manuel H. Yracheta against Harold E. Stanford. Judgment of dismissal without prejudice to another action, and plaintiff appeals. Affirmed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Wollman & Wollman (Edward S. Seidman and Robert G. Starr, of counsel), for appellant.

Jellenik & Stern (Nathan D. Stern, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LEHMAN, J. The complaint herein alleges that the defendant and one Hansell were financially interested in a café business conducted by and in the name of said Hansell, and that the plaintiff sold and delivered to Hansell, for the purposes of said business, upon his promise to pay, goods to the value of $551.50, of which only the sum of $14 has been paid, and that the sum of $537.50 was overdue and payable on the 30th day of November, 1909; that to prevent the impairment of the credit of said business, and to protect his interest in said business, the defendant agreed to assume and did assume the payment of said $537.50, and agreed to pay the same to the plaintiff on January 1, 1909, in consideration of the plaintiff's promise to extend the time of payment to said date. The defendant did not demur to the complaint, and unquestionably the complaint sets forth a good cause of action. The answer sets up a general denial and the defense of the statute of frauds.

The only questions that we should consider are whether the plaintiff at the trial proved the alleged agreement to pay, and whether such agreement, if proven, was within the purview of the statute of frauds. The statute of frauds "simply requires that certain agreements must be proved by a writing. It introduced a new rule of evidence in certain cases, without condemning as illegal any contract that was legal before." Crane v. Powell, 139 N. Y. 379, 384, 34 N. E. 911, 912. It was held in the same case that the person sued on such a contract waives this rule of evidence, unless he presents it as a defense by demurrer or answer. Being only a rule of evidence, I can find neither reason nor authority that requires the plaintiff to set forth facts which, if proven, will necessarily make the rule of evidence inapplicable. It seems to me that he has pleaded his cause of action sufficiently if he has pleaded a legal contract and such additional facts as may render the rule of evidence inapplicable.

The plaintiff showed at the trial that the defendant during part of the time in which the goods were furnished was a partner in the business conducted by Hansell, and during the remainder of the time was the chief stockholder in a corporation which had bought the business. It seems to me that this testimony was competent to show the defendant's interest in the business. The plaintiff further showed that on November 30th he stated to defendant that he regarded both Hansell and defendant as responsible for the debt. The defendant was apparently insulted at the idea of the credit of the business being questioned, and stated he could raise money to pay the debt immediately; but then he cooled down, and after some discussion stated that he was going to run the business himself, and would assume the liabilities and assets, adding, "Of course, I will pay you this bill." Plaintiff then asked, "Now, will you pay me this bill?" and defendant answered, "Yes, I will." Thereupon the plaintiff said, "Well, I want my money," and defendant answered, "Mr. Yracheta, this is no time for me; I cannot very well raise money now. Now, if you shall wait until January 1st, I will then pay you, because Christmas is coming and I will have plenty of money."

If the plaintiff recovers judgment in this action, it must be upon this promise of the defendant to pay on January 1st. He cannot recover upon the theory that, even if this promise is not binding upon the defendant, nevertheless the defendant is liable as a partner, because no such issue was raised by the pleadings. There is no claim of any novation, by which the debt of Hansell was wiped out. That debt is still subsisting. Therefore the defendant's promise to pay this debt is binding only if it is founded on a new consideration moving to the promisor and beneficial to him. Under the circumstances disclosed in the record, if this promise to pay was given in consideration of a valid agreement of forbearance, I should have little hesitancy in holding that this was a sufficient consideration, not only to support such a promise, but to make it an original promise not within the meaning of the statute. White v. Rintoul, 108 N. Y. 222, 15 N. E. 318. The defendant is a partner in the business, and therefore bound to pay at least part of the debt, and the forbearance was therefore directly beneficial to him. The difficulty is that I cannot find any valid agreement to forbear.

I think the conversation quoted above is open to only one interpretation. The promise to pay by the defendant and the forbearance of the plaintiff were mutually independent, and neither was intended to be given in consideration of the other and neither was in law a valid enforceable agreement. The defendant either was liable for the whole debt or voluntarily assumed it. If he was in fact liable, then a promise to forbear would be without consideration and therefore invalid, and no new agreement would arise. If he was not liable, then his promise to assume the debt would still be without consideration, because he promised to pay before the plaintiff agreed to forbear, and the two promises were really independent. The defendant's promise was based evidently upon his belief that he was already bound either legally or morally to pay, and the plaintiff's forbearance was in answer to a plea for time, and was given voluntarily, and not in consideration of any promise of the defendant's and was, therefore, not binding, and could furnish no consideration for the promise to pay. The judgment should therefore be affirmed, with costs.

Judgment affirmed, with costs.

GIEGERICH, J., concurs.

GOFF, J. In the complaint it was alleged that the defendant and one Hansell were financially interested in a certain business conducted by and in the name of Hansell; that plaintiff sold and delivered to Hansell, upon his promise to pay, merchandise of the value of $551.-50; that the merchandise was purchased by Hansell for use in his business; that of said sum, after it had become due, he paid $14; "that the defendant herein, in order to prevent any impairment of the credit of said business by any suit against said Hansell, and in order to protect his (the defendant's) interest in said business, and in consideration of plaintiff's agreeing to extend the time of payment of $537.50 (the balance) to January 1, 1909, then and there agreed to assume the payment of said sum of $537.50, and agreed to pay the same to the

plaintiff on said 1st day of January, 1909." The answer set up a general denial and that the agreement was invalid under the statute of frauds.

Assuming that the plea of general denial was unnecessary, or that all the facts alleged by plaintiff were proven on the trial, what remained? Simply the oral agreement of the defendant to pay Hansell's debt. As it stood, there cannot be question of its being within the statute of frauds; for there is nothing in the complaint to show that defendant was liable for the debt in any capacity, or that by the sale of the merchandise he derived any advantage, or that any benefit flowed to him by reason of plaintiff extending the time of payment, or that there was any consideration for his promise. If the complaint be analyzed, it will be found that the liability of defendant is sought to be fixed upon three grounds: First, that he desired to prevent any impairment of the credit of the business; secondly, that he desired to protect his financial interest in the business; and, thirdly, that in consideration of the extension of time he agreed to pay. Very properly he might have such friendly regard for Hansell as to view with disfavor anything that might impair his credit, and what his financial interest was vague conjecture may only answer. He might have been a creditor, and as such have a financial interest. Neither of these motives was sufficient to show such interest in or benefit from the business as would sustain an original liability. Nothing remains except the promise, and as that was without consideration, and given to pay the debt of another, it was under the statute clearly void.

The only issue, therefore, to be tried, was the making of this promise and its legal effect, and the defendant was not called upon to meet any other. The plaintiff offered testimony tending to prove that defendant was a secret partner of Hansell, and that subsequently the partnership business was incorporated; the defendant holding the whole of the stock. This was for the purpose of showing that as a secret partner defendant was liable, and as the sole stockholder he had such an interest as would support a promise to pay. Whatever may be said as to the value of these propositions, it is sufficient to hold that in this case they cannot be considered, for the reason that they were not pleaded, they were not in issue, and the defendant was not called upon to meet them. Nor was the defendant precluded from objecting on the ground that he had waived it by his failure to plead in his answer nonjoinder of a necessary party defendant. How could he set up nonjoinder of one partner, when partnership was not alleged? The admission over defendant's objection and exception of this testimony was error; but it was cured by the justice disregarding it in his disposal of the case. A second cause of action set up an account stated. There was evidence to sustain it.

Judgment was properly rendered for defendant, and it should be affirmed, with costs.