## 11478

AMERICAN WHOLESALE CORP. *ET AL.* v. MAULDIN *ET AL.*

(122 S. E., 576)

1. Frauds, Statute of—Party Seeking Protection of Statute Must Plead It.—The party seeking protection of the statute must plead it.

2. Frauds, Statute of—Promise to Pay Corporate Debts in Consideration of Forbearance Held Not Within Statute.—Where the president, general manager, and sole stockholder of a corporation, in consideration of an agreement by creditors to refrain from closing the doors of the corporation by legal proceedings and allowing it to continue business, promised to pay twenty-five per cent. of the amount of their claims and take over the corporate business, the contract was not *prima facie* within the statute.

3. Frauds, Statute of—Promise of Stockholder or Officer to Pay Corporate Debt Within Statute.—Ordinarily, a promise of a stockholder or officer to pay a corporate debt is within the statute.

4. Frauds, Statute of—When Promise to Pay Another's Debt in Consideration of Staying Legal Proceedings Within Statute, Stated.—Where there is no direct pecuniary benefit to promisor and the debt is not discharged as against original debtor, and agreement to pay the debt of another in consideration of forbearance to sue or of staying an attachment or execution is within the statute.

Before Gary, J., Hampton, 1922. Reversed and re-manded.

Action by the American Wholesale Corporation and others against W. H. Mauldin and others. From a judgment of nonsuit plaintiffs appeal.

*Mr. J. A. Mace,* for appellants, cite: *Statute of Frauds must be pleaded:* 79 S. C., 134; 61 S. C., 393. *Application of Statute of Frauds:* 26 S. C., 72. *Jury's right to pass on contract:* 104 S. C., 218.

*Mr George Warren* for respondent.

April 19, 1924.

Note: On necessity of pleading Statute of Frauds, see note in 49 L. R. A. (N. S.), 16.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Action for damages for breach of contract. The complaint alleged, *inter alia,* that the defendant W. H. Mauldin was the president and general manager and sole owner of the stock of Mauldin & Hughes, a mercantile corporation; that on or about March 15, 1922, the defendant Mauldin "entered into an agreement with J. A. Mace, as attorney for certain creditors and for the benefit of all creditors of Mauldin & Hughes, Inc., whereby, in consideration of the fact that the creditors of Mauldin & Hughes, Inc., would not close the said corporation's doors and allow them to continue the business until May 15, 1922, that the said W. H. Mauldin would pay all creditors of Mauldin & Hughes, Inc., 25 per cent. of the amount of their claims in full settlement of the same and take over the business of the said Mauldin & Hughes, Inc., in his own name; that pursuant to said agreement the creditors of Mauldin & Hughes, Inc., did not close the doors of the said corporation, but allowed them to go on with the business and refrained from bringing any proceedings to close the business and allowed them to operate until the appointment of a receiver for the said corporation on June 6, 1923. The receiver was appointed upon and after the refusal of the said W. H. Mauldin to guarantee in writing the payment to the creditors of Mauldin & Hughes, Inc., 25 per cent. in full settlement of their claims and to secure the same in any manner; that the said agreement has been duly performed on the part of the plaintiff by their attorney and other creditors of Mauldin & Hughes, Inc." The defendant by answer denied generally the material allegations of the complaint and specifically denied that he had ever agreed "to assign or transfer the said equity to any creditor," or that he had ever agreed to become personally liable for the debts of the said corporation. What "equity" is referred to in the answer is not disclosed by the record.

On the trial, when plaintiffs undertook to prove the contract alleged in the complaint, it appearing that the agreement relied on was not in writing, upon objection by defendant, the evidence offered to establish the contract was excluded by the trial Judge on the ground that "such testimony was obnoxious to the Statute of Frauds." As a consequence of that ruling a nonsuit was ordered. From the judgment of nonsuit the plaintiffs appeal.

1. Appellant's first contention is that the objection that the contract sought to be established was in contravention of the Statute of Frauds was not available to defendant for the reason that the statute had not been pleaded. In the case of *Suber v. Richards,* 61 S. C., 393; 39 S. E., 540, this Court, after full discussion, expressed this view:

"There is much conflict in the decisions on this subject as shown by the citations in 9 Ency. Pl. & Pr., 705, but the better rule is stated to be that the party seeking the protection of the statute should plead it."

That view was recognized and approved in *Coward v. Boyd,* 79 S. C., 134; 60 S. E., 311, and in *Fanning v. Bogacki,* 111 S. C., 376; 98 S. E., 137. In the present state of our decisions, this Court is committed to the doctrine that the party seeking the protection of the Statute of Frauds must plead it. But we do not deem it necessary to rest the decision here upon that ground. See 25 R. C. L., 746, § 398; note 49 L. R. A. (N. S.), 16.

2. The appellant's second contention is that the alleged agreement was not within the Statute of Frauds in that the contract relied on was an original promise and not such a collateral undertaking to answer for the debt of another as falls within the statute. We think the contention is meritorious. In the recent case of *Gaines v. Durham,* 124 S. C., 435; 117 S. E., 732, the authorities in this jurisdiction and elsewhere have been very fully reviewed and discussed by Mr. Justice Cothran. By reference to the

opinion in that case it will be seen that this Court has always recognized and approved, and with more or less consistency adhered to, the broad rule laid down by Chancellor Kent in an early leading case (*Leonard v. Vredenburgh,* 8 Johns, [N. Y.], 29; 5 Am. Dec., 317), that where a promise to pay an existing debt of another is made on a new and original consideration of benefit or harm moving between the newly contracting parties it is not within the statute but is regarded as an original promise.

In the case at bar it is alleged that the promisor, Mauldin, was the president and general manager and sole stockholder of the corporation; that in consideration of the agreement on the part of the plaintiffs to refrain from closing the doors of the corporation by legal proceedings and allowing it to continue its mercantile business for a certain period, he (Mauldin) would pay 25 per cent. of the amount of the claims in full settlement and take over the business of the corporation in his own name; and that the agreement was performed by plaintiffs and breached by defendant. If is inferable under those allegations, and proof would have been admissible to establish, that the defendant was in personal charge and possession of all assets of the corporation; that the extension of time enabled him, or was calculated to enable him, to convert the stock of goods and other assets into cash for his own benefit; and that extension of time to the corporation would and could only inure directly to the personal benefit of the promisor. Ordinarily, it is true, the promise of a stockholder or officer to pay the debt of the corporation is within the statute. 25 R. C. L., 509, § 93. And an agreement to pay the debt of another in consideration of forbearance to sue or of staying an attachment or execution, where there is no direct pecuniary benefit to inure to the promisor, and where the debt is not discharged as against the original debtor, is within the statute. *Boyce v. Owens,* 2 McCord, 208; 13 Am. Dec., 711. *Durham v. Arledge,* 1 Strob., 5; 47 Am. Dec., 544. But we

think the agreement here in question to settle or purchase certain claims against the corporation at 25 per cent. of their face value by the officer in charge of the corporate assets and the person solely interested in preventing the suspension of the corporate affairs is clearly susceptible of of the construction that it was made to subserve direct pecuniary interests and business purposes of the promisor. If so, certainly after performance on the part of the plaintiffs it is a contract which in good conscience should be enforced. The purpose of this provision of the Statute of Frauds, as has been well said by Mr. Justice Brewer, "was not to effectuate but to prevent wrong." Hence we are clearly of the opinion that the promise here alleged is not *prima facie* within the Statute of Frauds, under the principle announced and applied, in cases very similar to that at bar, by the Supreme Court of the United States in *Emerson v. Slater,* 63 U. S., (22 How.), 28; 16 L. Ed., 360, 365, and in *Davis v. Patrick,* 141 U. S., 479; 12 Sup. Ct., 58; 35 L. Ed., 826, and approved in *Gaines v. Durham, supra,* as follows:

"Whenever the main purpose and object of the promisor is not to answer for another, but to subserve some pecuniary or business purpose of his own, involving either a benefit to himself, or damage to the other contracting party, his promise is not within the statute, although it may be in form a promise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing that liability."

See *Yracheta v. Stanford (Sup.),* 120 N. Y. Supp., 117. *Cortelyou v. Hoagland,* 40 N. J. Eq., 1. *Beall v. Board of Trade,* 164 Mo. App., 186; 148 S. W., 386.

For the reasons stated, the judgment of the Circuit Court is reversed, and a new trial ordered.

Reversed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur.

MR. CHIEF JUSTICE GARY did not participate.