14767

WALKER v. PREACHER *ET AL.*

(199 S. E., 675)

432

*Messrs. Thomas & Thomas* and *Randolph Murdaugh,* for appellant,

*Messrs. A. C. DePass* and *W. Brantley Harvey,* for respondent,

November 9, 1938.

The opinion of the Court was delivered by Mr. Justice Fishburne.

The appellant owns a tract of land in Beaufort County, containing 1,400 acres, known as Rose Hill Plantation. Under a verbal agreement he contracted with the respondent, W. B. Preacher, to sell to the latter certain sawmill timber standing on the land, for an agreed price per thousand feet. The contract was entered into in May, 1935, and the appellant alleges that under its terms and provisions he granted "to the said defendant permission to go upon said land hereinabove described known as Rose Hill Plantation, and to cut and remove from said land the sawmill timber standing on said land, until such time as this plaintiff should advise said defendant to stop cutting said timber. That said defendant agreed to pay to this plaintiff the sum of Two and 50/100 ($2.50) Dollars, per thousand feet, stumpage, mill cut, for said timber, as said timber was cut, said money to be paid every two weeks."

The complaint further sets forth that the respondent from time to time cut and removed from the land considerable timber and made small payments therefor under the contract, but had failed and refused to pay the entire amount due. That pursuant to the contract entered into between the parties, appellant elected to terminate the contract, for the reason that the respondent had breached the agreement in failing to make payment. It was alleged that the sum of $200.00 was due for timber already cut, and judgment was demanded for this amount. Under the allegation that the respondent had continued, over the protest of the appellant, to

enter upon the land and to cut and remove timber, the appellant also prayed for an order restraining these trespasses.

The respondent, by way of counterclaim and cross complaint, admitted the oral agreement alleged by the appellant, except that provision of it which provided for its termination, to wit, until such time as plaintiff should advise the said defendant to stop cutting said timber. This was specifically denied, the respondent alleging that the contract was to be terminated only when all the timber suitable for sawmill purposes located on said premises was cut and sawed into lumber by him. The respondent claimed damages growing out of the alleged breach of the contract by the appellant, by reason of his having sold certain of the timber to the other named defendants, and prayed for an order restraining the appellant and his vendees, the Boykins, from trespassing upon the property. The appellant filed a reply to the counterclaim in which, among other things, he denied the material allegations of the counterclaim or cross complaint, and thereafter demurred to the counterclaim upon the ground that it did not state facts sufficient to constitute a cause of action, in that it appeared upon the face thereof that the counterclaim was based upon the breach of a parol contract, which was within the statute of frauds.

The Court overruled the demurrer, holding that the verbal agreement alleged by the appellant in his complaint was identical with the contract alleged by the respondent in his counterclaim, and that the plaintiff's pleading in effect constituted a sufficient writing or memorandum of such contract, which would take it out of the statute of frauds, Code 1932, § 7044, and would amount to a waiver.

Under the statute of frauds, as in force in most of the states, it appears to be well settled that, if sufficiently definite and certain, and signed by the party to be charged, or by his agent or attorney on his behalf, a pleading admitting a parol agreement within the statute may constitute a sufficient writing within the meaning of the

statute so as to enable the Court to enforce a contract. See annotations on the subject in 22 A. L. R., 735, and in 22 A. L. R., 723, where many of the cases are collected.

We are unable to agree with that portion of the order of the lower Court which holds that the contract alleged by the appellant is the same as that alleged by the respondent. It seems to us that they differ on a very essential point, and that is the time for the termination of the contract or timber lease. The appellant alleges that the contract was to be terminated upon his election, that is, "until such time as this plaintiff should advise the said defendant to stop cutting said timber." The respondent alleges that the contract was to be terminated "when all the timber suitable for sawmill purposes located on said premises was cut and sawed into lumber by this defendant." These two provisions cannot be reconciled. They are essentially different.

The contract sued upon by the respondent and admitted by the appellant must be substantially the same, and must clearly show the assent and acquiescence of the party to be charged. The written admission must contain all the essential elements of the contract, and the terms and conditions must be stated with reasonable certainty, that is, all material parts must be contained in the memorandum, and it is insufficient where it omits an essential term. 27 C. J., page 277. It is obvious that the terms stated or admitted must be those mutually agreed to by the parties. Otherwise there is no complete agreement.

In order to constitute a sufficient memorandum, the subject-matter—the contract in this case—must be so certainly described as that no oral testimony is needed to supply any necessary terms or conditions. The duration of the oral lease for the cutting and removal of the sawmill timber is obviously an essential item in the description of the interest created by it. Without that being fixed and as-

sented to, it cannot be said that there is any mutual agreement.

We are unable to hold, therefore, that the appellant admitted in his complaint the oral contract as alleged in the respondent's counterclaim. The contract not having been admitted, the appellant had a right to raise the issue of its invalidity by his demurrer. Having done so, it cannot be said that the appellant waived the protection afforded him by the statute. While it is true that the protection afforded by the statute is a personal privilege of the parties to the agreement, and may be waived by them—*Finley v. Moore,* 55 S. C., 195, 33 S. E., 362; *Suber v. Richards,* 61 S. C., 393, 39 S. E., 540—it was not waived in this case.

It is suggested by counsel for the respondent that an anomalous situation would be created if in the case at bar the appellant, Walker, were allowed to sue the respondent, Preacher, and recover for a breach of the parol contract or lease for the cutting of the timber, and the right be denied to the respondent Preacher, to recover on the same contract for any breach thereof by Walker—thus making the oral contract enforceable by the appellant and unenforceable by the respondent. We are not disposed to cross bridges before we come to them, but it is not amiss to say this: If by his pleading the appellant does not admit the contract set up by the respondent, it is equally true that the contract alleged in the counterclaim of the respondent does not admit, but denies an essential item of the contract alleged by the appellant in his complaint. It would seem that if one is unenforceable because within the statute of frauds, so would be the other. Indeed, in his brief, the appellant concedes that he could not sustain his action on the parol contract because within the statute of frauds. He contends that the primary aim of his action was for injunctive relief. At any rate if the respondent should wish to set the matter at rest, the Code provides for procedure looking to that end. This case was here once before—*Walker v. Preacher et al.,* 185 S. C., 462, 194

S. E., 868—upon other issues. In our opinion the appellant's demurrer should have been sustained.

Judgment reversed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate on account of illness.