20217

Thomas T. HATCHER and Gladys W. Hatcher, Respondents, v.
HARLEYSVILLE MUTUAL INSURANCE COMPANY, Appellant.

(225 S. E. (2d) 181)

*Messrs. Jefferies & Fish,* of Greenwood, *for Appellant,*

550

*Messrs. Burns, McDonald, Bradford, Erwin & Patrick,* of Greenwood, and *J. Kendall Few,* of Walhalla, *for Respondents,*

May 18, 1976.

Lewis, Chief Justice:

This appeal involves appellant's liability under a Homeowner's policy of insurance issued to respondents, insuring, in addition to personal property, a dwelling occupied by them, to which they had not received a deed but had orally agreed to purchase. While other questions are argued, much of the controversy revolves around the respective contentions of the parties as to whether respondents had an insurable interest in the real property and the effect of the enforceability of the oral contract to purchase upon the question of insurable interest.

Respondents, Thomas T. and Gladys W. Hatcher, orally agreed to purchase a lot and dwelling in McKellar Farms Subdivision in Greenwood County, South Carolina, on October 4, 1974, for a definite price. The purchase was to be financed through a loan from the Farmers Home Administration. On October 5, 1974, the day following the agreement to purchase, respondents moved from Washington to Greenwood and occupied the dwelling pursuant to the oral contract of sale. The purchase price was to be paid at the time of the closing of the loan. On October 8, 1974, after respondents went into possession, the seller cancelled a builders risk insurance policy maintained by him over the building during construction and procured from appellant, Harleysville Mutual Insurance Company, with funds of respondents, a Homeowners policy insuring the property in the names of respondents, as the owners. The loan from the Farmers Home Administration had been approved and the actual closing of the sale awaited only the receipt of the check from the lender when the property was damaged by fire.

The dwelling and its contents were damaged by fire on October 11, 1974. Appellant paid to respondents the sum of $4,219.89 under the policy for damage to their personal property; but denied coverage for loss to the dwelling on

the ground that respondents had no insurable interest therein since the only interest they held was under an allegedly unenforceable oral contract to purchase.

After the fire loss, respondents purchased another house and lot from the seller and brought this action to recover the sum of $15,410.55, the agreed amount of the fire loss to the insured dwelling. Upon the trial of the case and at the conclusion of the testimony, each of the parties moved for a direction of verdict in their favor; that of respondents was granted by the trial judge and that of appellant denied. The motion of respondents was granted on the ground that they "had undertaken such part performance as to render them clearly subject to responsibility in a court of equity for specific performance" and therefore had an insurable interest in the property.

Although the appeal is from a directed verdict in respondents' favor, there is no request that a new trial be granted. The only contention is that a verdict should have been directed for appellant. Therefore, if appellant was not entitled to a directed verdict, judgment must be affirmed. Of course, appellant would not have been entitled to a directed verdict if the evidence presented jury issues.

The policy of insurance under which recovery is sought, admittedly, required that respondents own an insurable interest in the insured dwelling in order to recover. Respondents had no deed to the property, and such interest as they owned was derived from their oral contract to purchase, accompanied by possession and the purchase by them, through the seller, of the Homeowners policy of insurance.

It is well settled that an equitable title in real estate may be protected by insurance and that a vendor and vendee, just as a mortgagor and mortgagee, have separate and distinct interests in the same property which they may insure. *Thomas v. Penn Mutual Fire Insurance Company,* 244 S. C. 581, 137 S. E. (2d) 856.

The record clearly shows that the respondents and the seller entered into an oral contract for the sale of the property in good faith; that at the time of the fire loss respondents were occupying the property pursuant to such agreement; that the closing of the sale awaited only the receipt of the lender's check; and that the policy of insurance in question was procured from appellant to protect the interests of respondents as the equitable owners. There is no evidence from which an inference could be drawn that there was any intent on the part of respondents or the seller to perpetrate a fraud on the appellant insurance company.

While there is some testimony by respondents that they now, after the loss of the dwelling by fire, interpret the sales contract as unenforceable, the record is undisputed that they agreed to purchase the property, went into possession under such agreement, and asserted equitable ownership thereunder at the time the policy of insurance was procured and the loss occurred. All parties to the oral contract state that they intended to complete the sale.

Appellant's entire argument that respondents had no insurable interest is based upon the contention that the oral contract to purchase the insured real property was in violation of the statute of frauds and, therefore, unenforceable; and since the agreement was unenforceable, it did not constitute an insurable interest.

Under the present facts, we need not pursue the effect of the statute of frauds upon the enforceability of the oral contract. It is well settled that the protection afforded by the statute of frauds is a personal privilege of the parties to the agreement (*Walker v. Preacher*, 188 S. C. 431, 199 S. E. 675), and a stranger to an oral contract cannot avail himself of the fact that the statute of frauds renders the contract unenforceable. 73 Am. Jur. (2d), Statute of Frauds, Sections 576, 578, 582; 37 C. J. S., Statute of Frauds, § 220e, p. 720.

The application of the foregoing rule ·to insurance companies was thus stated in Section 582 of 73 Am. Jur. (2d), *supra:*

"The rule that a stranger to an oral contract cannot take advantage of the fact that the contract is not in writing as required by the statute of frauds precludes an insurance company which has issued to the vendee under an oral contract for the sale of land a policy of insurance upon property situated upon such land, from asserting the invalidity or unenforceability of the oral contract as a defense to liability upon the policy."

Under the facts and circumstances of this case, appellant, a stranger to the contract, has no standing to assert the invalidity of the contract in order to avoid liability upon its policy. The evidence sustains the conclusion of the trial judge that respondents had an insurable interest in the insured property.

Appellant next asserts that respondents were not the real parties in interest within the meaning of Section 10-207 of the 1962 Code of Laws and, therefore, could not maintain this action. This argument is without merit. Respondents were the named insureds under the policy and had an insurable interest in the property. As such, they were the proper parties to bring this action. The fact that the proceeds from the policy will go to the seller does not affect respondent's rights to bring this action any more than if the proceeds were owed to a mortgagee.

In directing a verdict in respondents' favor, the court directed that the recovery be paid over to the seller-builder who, admittedly, constructed the insured building and had not been paid the purchase price. Appellant contends that this was error. We disagree.

Respondents have not appealed from the order directing payment to the seller and, certainly, no prejudice could result to appellant from such direction. The fact that the court

impressed a trust upon the judgment in favor of the seller is of no consequence to appellant. If we were to reverse so much of the judgment as directs payment to the seller, it would not affect in any manner the liability of appellant. Appellant is liable for the loss to the insured building and will legally discharge such obligation to respondents, the insureds, when it pays the judgment in accordance with its directions.

Appellant finally contends that respondents should be barred from recovery by a release signed by them and because no proof of loss for the damage to the dwelling was filed.

The alleged failure of respondents to file a proof of loss was clearly waived by appellant. Appellant concedes that it had notice of the loss, fully investigated the claim, and that the amount of the loss established by respondents is correct. Liability was denied by appellant solely upon the ground that respondents had no insurable interest in the property. Since the denial of liability was on a ground not related to the proof of loss, the requirement that a proof of loss be filed was waived. *American Mutual Fire Ins. Co. v. Green,* 233 S. C. 588, 106 S. E. (2d) 265.

Neither is there merit to the claim that recovery is barred by a release signed by respondents. Shortly after the loss an adjuster for appellant visited respondents, told them that personal property loss was covered by the policy but that there was no coverage for loss of the house, paid them the exact amount of the personal property loss, and had them to sign a general release of all claims under the policy.

The release and the testimony clearly shows that the consideration for the release was the exact amount of the personal property loss and that no amount was paid by way of settlement of any other claim under the policy. The testimony is uncontradicted that no attempt was ever made to compromise any claim for loss of the dwelling and that the

adjuster told respondents "that the payment was made under the proof of loss for personal property and that's all we owed under the coverage."

Under this testimony, it is inferable that the release in question only applied to the release of the admitted liability for loss to personal property and that the parties never intended that it operate as a release of any claim for damage to the dwelling. In view of these inferences from the testimony, the trial judge properly refused to direct a verdict in favor of appellant on the ground that the release barred recovery of the present claim.

The judgment is accordingly affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.