21988

COLUMBIA MANAGEMENT CORPORATION, Appellant, v. RESORT PROPERTIES, INC., OF BEAUFORT, Brooks Harvey, Barry Odom and Royce King, Respondents.

(307 S. E. (2d) 228)

*Donald W. Tyler* and *Anthony R. Taylor* of *Donald W. Tyler & Associates,* Columbia, *for appellant.*

*Barry L. Johnson* of *Dowling, Sanders, Dukes, Novit & Svalina* and *Harold A. Boney,* Beaufort, *for respondents.*

Sept. 14, 1983.

NESS, Justice:

This is an action by appellant Columbia Management Corporation against respondents Resort Properties, Inc., of Beaufort, Brooks Harvey, Barry Odom, and Royce King, agents of Resort Properties asserting tortious interference with appellant's business relationship with Harbor Island Development Corporation. The trial judge granted respondents' motion for summary judgment. We agree.

In reviewing a summary judgment, this Court must construe the evidence and all reasonable inferences drawn therefrom in the light most favorable to appellant. *Salvo v. Hewitt, Coleman & Associates, Inc.,* 274 S. C. 34, 260 S. E. (2d) 708 (1979). If the evidence fails to reveal any genuine issue of material fact an inquiry into the facts is not desirable to clarify the application of the law, the judgment will be affirmed. See cases collected in 12 West's S. C. Digest, Judgment, Key No. 181(2).

The evidence presented on appellant's behalf shows ■ Clyde F. Johnson, the sole agent and partner of Harbor Island Development Corporation with authority to enter into contractual negotiations, commenced serious negotiations with appellant in May 1980 regarding the purchase and development of certain real property located on Harbor Island. Appellant presented to Mr. Johnson a draft option agreement which was redrafted on June 17, 1980, by incorporating certain changes requested by Mr. Johnson and his

attorney. On June 20, 1980, appellant and Mr. Johnson reached an agreement on the option to purchase and develop property on Harbor Island, such agreement being conditioned upon being retyped to include changes agreed upon, being reviewed by Mr. Johnson and his attorney, and being signed.

Appellant's evidence further shows appellant contacted respondents at the behest of Harbor Island Development Corporation to have Resort Properties act as sales agent for appellant's proposed condominium development at Harbor Island. Appellant's president, while having lunch with Mr. Johnson, met with respondent Barry Odom and discussed appellant's plan to develop and sell condominium units at Harbor Island. Respondents indicated interest and requested more information. Appellant's vice-president met with respondents and disclosed in confidentiality the proposed development and related plans and agreements. On June 25, 1980, appellant gave respondents an agency agreement which they refused to sign because they were considering a better deal.

The evidence indicates respondents contacted Mr. Johnson on June 21, 1980, and requested him not to sign appellant's agreement because they were drafting an offer. On June 27, 1980, Harbor Island Development Corporation informed appellant the option agreement was an agreement no longer because Resort Properties had made a better offer.

The trial judge found the proposed option agreement came within the statute of frauds, S. C. Code Ann. § 32-3-10 (1976), thus, appellant acquired no contractual rights with which respondent could have interfered since the agreement was not executed; that South Carolina does not recognize a cause of action for tortious interference with prospective contractual relations, citing *Smith v. Holt, Rinehart and Winston, Inc.*, 270 S. C. 446, 242 S. E. (2d) 548 (1978); and that no genuine issues of material fact existed, thus, respondents were entitled to summary judgment.

We agree with the trial judge there is no dispute that the agreement was conditional and subject to its being (1) retyped to include changes, (2) reviewed by Johnson and his attorney, and (3) signed by the parties. The proposed option agreement itself provided that the option agreement was not to commence until it was executed by both parties.

We have previously held that when the parties contemplate

execution of a written agreement as a condition precedent to being bound, no valid contract arises until the agreement is executed. *Bugg v. Bugg*, 272 S. C. 122, 249 S. E. (2d) 505 (1978); *Holliday v. Pegram*, 89 S. C. 73, 71 S. E. 367 (1911). Since this contract was clearly conditioned on being signed by the parties, we would hold there was no valid contract with which respondent could have interfered.

Further, appellant's petition does not allege a valid contract existed or that appellant had acquired any contractual rights. Instead, appellant chose to characterize the action as one for tortious interference with a "business relationship," and contends on appeal that this Court should recognize this cause of action. We recently decided this issue adversely to appellant in *Smith v. Holt, Rinehart and Winston, Inc., supra.*

Affirmed.

LITTLEJOHN and HARWELL, JJ., concur.

LEWIS, C. J., and GREGORY, J., dissent.

GREGORY, Justice (dissenting):

I respectfully dissent.

The majority opinion's reliance on *Bugg v. Bugg*, 272 S. C. 122, 249 S. E. (2d) 505 (1978) and *Holliday v. Pegram*, 89 S. C. 73, 71 S. E. 367 (1911), is misplaced.[1] The parties involved in those cases were the parties to the contract in dispute. Here, respondent is not a party to the alleged agreement between appellant and Harbor Island Development Corporation (the Corporation).

Contrary to the majority's assertion that appellant did not allege in its petition that it had contractual rights with which respondent interfered, appellant did allege in Paragraph 3 of its petition that appellant and the Corporation "reached certain understandings" whereby appellant or its subsidiary would undertake to develop, market, and sell multi-family units upon real property owned by the Corporation. Were it not for respondent's interference, the Corporation may have

---

[1] The principle espoused in *Bugg* and *Holliday* was not presented to the trial judge nor passed on in his order under appeal.

fulfilled its verbal agreement with appellant. Whether the Corporation intended to fulfill its verbal agreement with appellant and whether it would have done so but for respondent's interference was a factual issue for the jury, not the trial judge, to decide. *See Duckett v. Pool,* 33 S. C. 238, 11 S. E. 689 (1890). Summary judgment, therefore, was not proper. See cases collected in 12 West's South Carolina Digest, *Judgment,* Key No. 181(2).

The majority opinion further cites *Smith v. Holt, Rinehart, and Winston, Inc.,* 270 S. C. 446, 242 S. E. (2d) 548 (1978), where we held that a cause of action for tortious interference with a prospective contractual relationship does not exist in South Carolina. While I am still of the opinion that tortious interference with the right to contract constitutes an actionable infringement of a property right, *Smith, supra,* (Lewis, C. J., dissenting), I do not believe that issue is dispositive of this case. Again, it was for the jury to determine whether the Corporation would have fulfilled its agreement with appellant and, if so, whether respondent interfered with appellant's contractual relationship with the Corporation.

The trial judge held there was no agreement with which respondents could have interfered because the alleged agreement did not comply with the Statute of Frauds, S. C. Code Ann. § 32-3-10 (1976). This was error. The Statute of Frauds as a defense must be pleaded. *American Wholesale Corporation v. Mauldin,* 128 S. C. 241, 122 S. E. 576 (1924). Respondents did not plead the Statute as a defense and could not have done so. The protection afforded by the Statute is a personal privilege of the parties to the agreement and may be waived. *Walker v. Preacher,* 188 S. C. 431, 199 S. E. 675 (1937). The Corporation, which is not a party to this action, would be the party protected by the Statute, not respondents.

A stranger to an oral contract cannot avail himself of the fact that the Statute of Frauds renders the contract unenforceable. *Hatcher v. Harleysville Mutual Insurance Co.,* 266 S. C. 548, 225 S. E. (2d) 181 (1976). Respondents, being strangers to the alleged agreement between appellant and the Corporation, cannot avail themselves of the Statute of Frauds defense.

I would reverse and remand for trial.

LEWIS, C. J., concurs.