23258

CRANDALL CORPORATION, Appellant v. NAVISTAR INTER-
NATIONAL TRANSPORTATION CORP., and Joe Bales, Defendants,
of whom Joe Bales is Respondent.

(395 S.E. (2d) 179)

Supreme Court

*James L. Bruner* and *D. Cravens Ravenel,* both of *Belser,
Baker, Barwick, Ravenel & Bender,* Columbia, *for appellant.*

*Benjamin C. Wofford,* Columbia, *for respondent Bales.*

*Carl L. Holloway, Jr.,* of *Sherrill & Townsend,* Columbia,
*for defendant Navistar.*

Heard June 6, 1990.

Decided Aug. 27, 1990.

GREGORY, Chief Justice:

This is an action for intentional interference with prospective contractual relations. The trial judge granted respondent's motion for summary judgment. We reverse.

In *Smith v. Holt, Rinehart & Winston, Inc.*, 270 S.C. 446, 242 S.E. (2d) 548 (1978), and *Columbia Management Corp. v. Resort Properties, Inc.*, 279 S.C. 370, 307 S.E. (2d) 228 (1983), this Court refused to recognize a common law cause of action for intentional interference with prospective contractual relations. We now join the vast majority of our sister jurisdictions in recognizing such a cause of action[1] and overrule our holdings to the contrary in *Smith* and *Columbia Management.*

To recover on a cause of action for intentional interference with prospective contractual relations, we hold the plaintiff must prove: (1) the defendant intentionally interfered with the plaintiff's potential contractual relations; (2) for an improper purpose or by improper methods; (3) causing injury to the plaintiff. *See Leigh Furniture and Carpet Co. v. Isom*, 657 P. (2d) 293 (Utah 1982); *see also Blake v. Levy*, 191 Conn. 257, 464 A. (2d) 52 (1983); *Straube v. Larson*, 287 Or. 357, 600 P. (2d) 371 (1979); Restatement (Second) of Torts § 766B and 767 (1977). If a defendant acts for more than one purpose, his improper purpose must predominate in order to create liability. *See Harsha v. State Savings Bank*, 346 N.W. (2d) 791 (Iowa 1984); *Leigh Furniture, supra.* As an alternative to establishing an improper purpose, the plaintiff may prove the defendant's method of interference was improper under the circumstances. *See Duggin v. Adams*, 234 Va. 221, 360 S.E. (2d) 832 (1987) for an extensive discussion of improper methods.

In this case, the trial judge did not consider whether respondent was entitled to summary judgment on the merits of this cause of action. Accordingly, the judgment of the circuit court is

---

[1] *See generally* W. Keeton, *Prosser and Keeton on the Law of Torts*, § 130 (5th ed. 1984); 45 Am. Jur. (2d) *Interference* § 50 (1969).

Reversed.

CHANDLER and FINNEY, JJ., concur.

C. BRUCE LITTLEJOHN, Acting Associate Justice, and HAR-WELL, J., dissent in separate opinion.

C. BRUCE LITTLEJOHN, Acting Associate Justice, dissenting:

I dissent. The facts of this case, as alleged in appellant Crandall Corporation's (Crandall's) complaint, are as follows. In 1987, the State of South Carolina decided to purchase 1000 new school buses for the Department of Education, and invited bidders to submit bids subject to specified terms and conditions. Defendant Navistar Corporation (Navistar) was a prospective bidder for the contract. The specifications for the new buses included a special fuel filter and other miscellaneous parts which Crandall had previously supplied to the State and to Navistar for vehicles previously sold by Navistar to the State.

According to Crandall's complaint, the parties had a course of dealing whereby Crandall would supply Navistar a verbal quote for use in its bid preparation and would then perform the work if Navistar used Crandall's bid and was awarded the contract. In 1987, Crandall was contacted to supply a quote for specified parts and labor in connection with the school bus contract. Navistar was awarded the contract. Crandall alleged that it thereafter hired additional employees and bought equipment to perform the project and informed Navistar of this. As far as Crandall was concerned, it had the contract with Navistar.

Respondent Joe Bales (Bales) was Assistant Director of Transportation with the Department of Education for the State of South Carolina. Crandall alleges that Bales caused Navistar to breach its agreement with it because Crandall was not agreeable to participating in what it alleged was Bales' attempt to make personal financial gains from the contract. Bales, in his answer, stated that his rejection of Crandall was justified in that Crandall had been unreliable in past fuel filter installations and had been unreliable in servicing and supporting other equipment sold to school bus shops.

Crandall brought suit alleging, among other causes of action, that Bales had intentionally interfered with Crandall's prospective contract with Navistar. The trial judge granted Bales' motion for summary judgment based on the cases of *Smith v. Holt, Rinehart & Winston,* 270 S.C. 446, 242 S.E. (2d) 548 (1978) and *Columbia Management Corporation v. Resort Properties, Inc.,* 279 S.C. 370, 307 S.E. (2d) 228 (1983). In those cases, this Court refused to recognize a cause of action for intentional interference with prospective contractual relations. The majority now concludes that these cases should be overruled. I disagree and would hold that both cases are still good precedent.

In *Smith,* we declined to recognize such a claim by "judicial fiat." The *Smith* case involved a claim for interference with a prospective employment contract. We held that such a cause of action did not exist, noting that "a right of action for tortious interference [had] never been expanded in South Carolina to encompass prospective contractual relations." In declining to recognize such a claim we employed the following reasoning:

> [t]he limitation on a cause of action for intentional interference, to instances where there is a valid contract in existence, is justified by the fact that the parties have a property right in an existing contract. No such property right can be said to exist in the mere 'likelihood of employment.' The law affords no protection to rights which are not in existence. 270 S.C. at 450, 242 S.E. (2d) at 549-550.

As additional support for our unwillingness to recognize this cause of action, we held that if such a claim were to "become the law in this State, it should be by legislative enactment." *Smith,* 270 S.C. at 450, 242 S.E. (2d) at 550.

The next case to raise the question of whether such a cause of action existed was *Columbia Management Corporation v. Resort Properties, Inc., supra,* which involved an allegation of tortious interference with a business relationship with a development corporation. In *Columbia Management Corporation,* we adhered to our decision in *Smith,* again noting that the lack of a valid contract and therefore the lack of any property right was fatal to its cause of action.

Since the issuance of the *Smith* decision some twelve years ago, and the subsequent decision in *Columbia Management Corporation* some seven years ago, the legislature has not chosen to recognize this cause of action. We adhere to our previous position that it is within their province to do so, but that we decline to do so judicially.

Appellant in this case urges the Court to recognize this cause of action because a refusal to do so places us in a minority of jurisdictions. This mere fact alone does not dictate the decisions of this Court. Although the quantity of jurisdictions shown to be in agreement with appellant lends weight to his position, the reasoning employed by these jurisdictions does not.[1] Appellant asserts that a recognition of this cause of action serves the purpose of maintaining stability and certainty in economic transactions. While this may be true to some extent, I do not believe this concern overrides a far greater concern that allowing this cause of action would greatly hamper free competition in the marketplace. When given an alternative between these two concerns, I see the choice is clearly for that which promotes freedom of negotiation and competition in the marketplace, which is a cornerstone of our democratic society. For these reasons, I would affirm the decision of the trial court not to allow appellant's cause of action for interference with prospective contractual relations.

HARWELL, J., concurs.

---

[1] *Johnson v. South State Insurance Company*, 288 S.C. 239, 341 S.E. (2d) 793 (1986). In *Johnson*, this Court responded to a similar argument by stating "Only their number, not their reasoning, lends support to [their] position." 288 S.C. at 242, 341 S.E. (2d) at 795.