**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lee County Landfill SC, LLC, Respondent,

v.

Industrial Waste Service, Inc. and Warren Lee,
Appellants.

Appellate Case No. 2011-202201

_____

Appeal From Lee County
W. Jeffrey Young, Circuit Court Judge

_____

Unpublished Opinion No. 2013-UP-077
Heard February 6, 2013 – Filed February 20, 2013

_____

**AFFIRMED**

_____

William W. Wheeler, III, of Jennings & Jennings, PA, of
Bishopville, for Appellants.

Chad Nicholas Johnston, Randolph Russell Lowell, and
Tracey Colton Green, all of Willoughby & Hoefer, PA,
of Columbia, for Respondent.

_____

**PER CURIAM:**  This case arises out of a business relationship between Industrial
Waste Service, Inc. (IWS), a waste hauling and disposal business, and Lee County
Landfill SC, LLC (Landfill) which operates a landfill in Lee County. IWS and its

owner, Warren Lee, argue the trial court erred in granting Landfill's partial motion for summary judgment on IWS's counterclaim for intentional interference with prospective contractual relations because an intentional interference with prospective contractual relations claim does not require a plaintiff to have entirely lost a prospective contractual relationship.  We affirm.

An "appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal."  Rule 220(c), SCACR; *see also I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 420-21, 526 S.E.2d 716, 723 (2000).  Pursuant to the two issue rule, when a trial court's decision is based on multiple grounds, the appellate court will affirm unless the appellant appeals all grounds because any unappealed ground becomes the law of the case.  *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010).

For a plaintiff to recover under an intentional interference with prospective contractual relations theory, he must prove "(1) the defendant intentionally interfered with the plaintiff's potential contractual relations; (2) for an improper purpose or by improper methods; (3) causing injury to the plaintiff."  *Crandall Corp. v. Navistar Int'l Transp. Corp.*, 302 S.C. 265, 266, 395 S.E.2d 179, 180 (1990).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non[-]moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the non[-]moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 116, 410 S.E.2d 537, 545-46 (1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).  In the current case, the trial court specifically noted in its order, "Simply put, there is no improper purpose in [Landfill] seeking to establish a contract with Darlington

Shredding . . . ." Thus, the trial court affirmatively found IWS failed to prove a genuine issue of material fact existed as to "an essential element of [IWS's] case necessarily rendering all other facts immaterial." *Baughman*, 306 S.C. at 116, 410 S.E.2d at 546 (quoting *Celotex*, 477 U.S. at 323); *see Crandall Corp.*, 302 S.C. at 266, 395 S.E.2d at 180 (stating the defendant's actions must be with an improper purpose or by improper methods to establish an intentional interference with prospective contractual relations claim). IWS, however, failed to appeal this ruling; therefore, it is the law of the case, and the trial court's grant of summary judgment is supported by an unappealed ground. Accordingly, we affirm pursuant to the two issue rule.

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**