## 19916

Ethel Christine HANKINS, Appellant, v. Janet H. FOYE, Respondent

(210 S. E. (2d) 305)

*Messrs. Murdaugh, Eltzroth and Peters,* of Hampton, for *Appellant,*

*Messrs. Horger, Horger and Barnwell,* of Orangeburg, and *W. Thomas Millican, III,* of Sylvania, Georgia, *for Respondent,*

December 2, 1974.

LEWIS, Justice:

This action for damages arose out of an automobile collision at the intersection of Highways 301 and 278 in the City of Allendale, South Carolina. A jury returned a verdict for the defendant; and plaintiff has appealed, contending that she is entitled to a new trial because of the alleged erroneous exclusion of certain testimony concerning the effect of the topography of the highway on a traveler's ability to see traffic approaching the intersection.

Traffic at the intersection is controlled by an overhead signal light and showed green for traffic on Highway 301 at the time. Plaintiff approached the intersection traveling south on 301 and was making a left turn into 278, when her car was struck by the car of defendant traveling north on 301.

Plaintiff testified that she looked for oncoming traffic before and as she proceeded to turn left into 278 and saw none. She further testified that traffic, proceeding north on 301, approached the intersection on an upgrade and that the topography of the road approaching from that direction was such as to create a blind spot or depression, causing vehicles to disappear for a brief interval from the sight of drivers proceeding south.

Plaintiff offered two witnesses, Dr. Pulaski and a Mr. Bowers, the latter a highway engineer, to testify as to the above mentioned depression in the highway and its effect upon the view of travelers approaching, as plaintiff, from the north. Objections of the defendant to the testimony of these witnesses were sustained and plaintiff contends that this was error.

The first witness offered by plaintiff as to the view at the intersection was Dr. Pulaski. He was asked: "Have you experienced any visibility difficulties as far as oncoming traffic is concerned?" Objection to the question was sustained and no further inquiries were made of the witness.

The other witness, Mr. William Bowers, Jr., testified that he had experienced difficulty in seeing automobiles approaching the intersection from the south. He was not familiar with the type vehicles involved in this collision and did not testify as an expert, but testified from his previous general observations in driving through the intersection. The substance of his other testimony is shown in the following questions and answers:

"Q. . . . Now, state whether or not the driver of a vehicle traveling south on U. S. 301, making a left turn into

278, reaches a point in making that left turn when there is a spot down toward Flat Street, within this three hundred feet you are talking about, when that driver can or cannot see oncoming traffic?

"A. I would say that there is a certain point there that you can't see it. Now, this is just my opinion.

\* \* \*

"Q. Is this based on your observations or on your calculations or what, sir?

"A. Observations. I haven't plotted it up and I wouldn't know.

\* \* \*

"Q. Have you traveled in the direction that I have explained to you, traveling south, either going straight on or making a left turn, and have you observed that cars disappear from sight in this dead space?

"A. I have."

The testimony of Bowers was developed on direct and cross-examination and then stricken upon motion of defendant.

A number of photographs of the intersection and the area in question were introduced into evidence, and also a surveyor's plat showing elevations along the roadway with lines of sight. Neither party requested that the jury view the scene.

The determination of the relevancy of testimony is largely within the discretion of the trial judge. We find no abuse of discretion in the exclusion of the present testimony.

The observations made by the witnesses were at different times and there is no testimony as to the conditions under which the observations were made, nor the particular types of vehicles involved. The trial judge excluded the testimony because of the failure to show that the observations of the witnesses at other times were made under similar conditions to those under inquiry.

The only relevancy of the testimony in question was to show that plaintiff could not have seen defendant's automobile when she started to make her turn from Highway 301 into 278 because defendant's automobile was then out of view in the alleged depression in the roadway. Yet, there was no testimony to show how far from the intersection the depression was located so as to determine how long defendant's car could have been visible after leaving the depression, other than that the depression was somewhere within about 300 feet of the intersection. Simply to show that a car would disappear from view in a depression within 300 feet of an intersection, without showing at what point it would reappear into view, would be of doubtful aid to the jury in deciding whether plaintiff should have seen defendant's vehicle when she started to make the turn.

The absence of a more precise location of the depression with reference to the intersection and the failure to show the facts and circumstances surrounding the observations of the witnesses at another time sustain the discretionary exclusion of the proffered testimony.

Our conclusion on the admissibility of the foregoing evidence renders a consideration of the additional sustaining ground unnecessary.

Affirmed.

Moss, C. J., Bussey and Littlejohn, JJ., and Ness, Acting Associate Justice, concur.