0327

Herbert A. TIMMONS, Jr., Respondent, v. Andrew J. McCUTCHEON and Scranton Ready-Mix Concrete, Inc., Appellants.

(324 S. E. (2d) 319)

Court of Appeals

6

*T. Kenneth Summerford,* Florence, *for appellants.*

*E. LeRoy Nettles, Jr.,* Lake City, *for respondent.*

Heard Sept. 24, 1984.

Decided Dec. 5, 1984.

SANDERS, Chief Judge:

Respondent Herbert A. Timmons sued appellants Andrew J. McCutcheon and Scranton Ready-Mix Concrete, Inc., alleging a breach of contract. The jury returned a verdict against both McCutcheon and the corporation in the amount of $8,600. McCutcheon appeals, arguing the trial judge erred in failing to grant his motion for a directed verdict. The corporation appeals, arguing the trial judge erred in failing to grant its motion for nonsuit. In addition, both McCutcheon

and the corporation argue the trial judge erred in allowing certain cross-examination of a witness. We affirm as to McCutcheon and reverse as to the corporation.

In an action at law tried by a jury, our authority on appeal extends only to the correction of errors of law.

The jury's verdict cannot be disturbed on appeal unless the record discloses there is no evidence to support it. *Broom v. Marshall*, S. C. App. Opinion No. 0215 (filed July 2, 1984), citing *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). In deciding a motion for a directed verdict, the evidence and all reasonable inferences which can be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Broom.* In ruling on a motion for non-suit, the trial judge must consider the evidence in the light most favorable to the party resisting the motion. *Bain, Exr. v. Self Memorial Hospital*, 281 S. C. 138, 314 S. E. (2d) 603 (S. C. App. 1984).

The evidence here can be summarized as follows:

Timmons and McCutcheon formed a partnership by oral agreement to operate a business named "Scranton Ready-Mix." Timmons testified he invested a total of $9,000, $2,000 of which he paid directly to McCutcheon and the remaining $7,000 to a truck dealership as a part of the down payment on a cement mixer truck for the business. According to Timmons' further testimony, the partnership agreement was superseded by a subsequent oral agreement whereby he and McCutcheon agreed to dissolve the partnership and McCutcheon agreed to buy his interest by repaying him the $9,000 which he had invested, in return for his withdrawal from the business. Timmons testified he withdrew from the business based on this agreement and never agreed to forfeit his investment as McCutcheon alleged.

Timmons went on to testify that McCutcheon never paid him any part of the $9,000 as agreed, except for one payment in the amount of $400 by a check signed by McCutcheon and drawn on the account of "Scranton Ready-Mix Concrete."

A witness called by Timmons testified he was present during a conversation between Timmons and McCutcheon, in which McCutcheon promised to pay Timmons a business related debt but refused to sign a note evidencing that debt. This witness further testified he later delivered a message

from McCutcheon to Timmons that Timmons should be patient in awaiting payment and not resort to a law suit.

A second witness for Timmons testified he was an attorney who had been consulted by Timmons in connection with the $9,000 debt which Timmons said McCutcheon owed him. This witness further testified he wrote McCutcheon regarding his intentions about paying this debt, and McCutcheon came to his office and said he planned to pay Timmons the $9,000.

Several months after dissolution of the partnership, McCutcheon incorporated the business as Scranton Ready-Mix Concrete, Inc., with himself as its sole stockholder. Timmons' $9,000 investment was carried over into the corporation.

McCutcheon testified the $400 paid Timmons was for a debt unrelated to the business. He further testified there was no debt owed to Timmons in connection with the partnership because Timmons had orally agreed to forfeit his investment in the event of his withdrawal. He denied ever agreeing to buy Timmons' interest.

A witness called by McCutcheon testified he was an early partner in the business but had withdrawn from the partnership. He further testified he invested some $2,000 in the business and agreed to forfeit his investment upon withdrawal. He said Timmons also agreed to a forfeiture of his investment upon withdrawal but, at the time Timmons did so, he had invested either $500 or $2,000 and his agreement to a forfeiture applied only to this amount, not to future investments. Over the objection of McCutcheon, this witness testified on cross-examination that he, himself, would not have invested $9,000 in the partnership if it had been subject to forfeiture.

McCutcheon argues the original partnership agreement required Timmons to invest one-third of the funds required by the business and, since Timmons never did this, he should not be be allowed to recover the amount he did invest. We reject this argument because it ignores the testimony of Timmons, which the jury apparently believed, that the original partnership agreement was superseded by the subsequent agreement of McCutcheon to repay Timmons' $9,000 investment in return for his withdrawal from the business. Whether Timmons breached the original partnership agreement prior to dissolution would be

of no consequence once this agreement had been superseded by the subsequent agreement of the parties.

McCutcheon further argues the subsequent agreement was in violation of the statute of frauds because this agreement was oral and amounted to an agreement by McCutcheon to pay Timmons' debt to the truck dealership which the parties had jointly and severally incurred in connection with the purchase of the cement mixer truck. It is unnecessary that we consider this argument because McCutcheon did not plead the statute of frauds as an affirmative defense in his answer. *See American Wholesale Corporation v. Mauldin*, 128 S. C. 241, 122 S. E. 576 (1924) (party seeking protection of the statute of frauds must plead it).

Finally, McCutcheon argues the trial judge erred in allowing the witness called by McCutcheon to testify on cross-examination that he would not have entered into the partnership if a $9,000 forfeiture had been required upon withdrawal. He objected at trial to the question which elicited this testimony on the ground that it called for a conclusion. In his brief on appeal he says, "We fail to see the relevancy and probative value of the testimony," but he does not assert he suffered any prejudice. Neither does he make any argument in his brief or cite any authority in support of his position on this point.

Examination of a witness is a matter generally within the discretion of the trial judge. *State v. Davis*, 267 S. C. 283, 227 S. E. (2d) 662 (1976); *State v. Hess*, 279 S. C. 14, 301 S. E. (2d) 547 (1983). The determination of relevancy is also largerly discretionary with the trial judge. *Hankins v. Foye*, 263 S. C. 310, 210 S. E. (2d) 305 (1974). We find no abuse of discretion here.

For these reasons, we affirm the judgment against McCutcheon.

However, we reverse the judgment against the corporation. Timmons alleged no cause of action in his complaint except breach of contract. He prayed for no remedy other than damages. A contract is an obligation which arises from actual agreement of the parties manifested by words, oral or written, or by conduct. *Stanley Smith & Sons v. Board of Public Works of the City of Gaffney*,

322 S. E. (2d) 474 (S. C. App. 1984). The parties must manifest a mutual intent to be bound. Without the actual agreement of the parties, there is no contract. *Stanley Smith & Sons.*

There is no evidence Timmons ever entered into any contract with the corporation. McCutcheon could not possibly have been acting for the corporation at the time he agreed to pay Timmons the $9,000, because the corporation had not been formed at that time. Neither is there any evidence the corporation ever became at party to this contract after it was entered into between Timmons and McCutcheon.

Accordingly, the judgment of the trial court is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

GARDNER AND CURETON, JJ., concur.