## 1002

Dorothy BLANTON, Respondent v. STOKES
MANUFACTURED HOMES, INC., Appellant.
(359 S. E. (2d) 94)

Court of Appeals

*William L. Howard* and *Lucinda Jenkins Haley,* of *Belk, Howard, Cobb & Chandler, P.A.,* Charleston, *for appellant.*

*C. D. Hopkins, Jr.,* Charleston, *for respondent.*

Heard June 16, 1987.

Decided July 27, 1987.

GARDNER, Judge:

Dorothy Blanton (the plaintiff) brought this negligence action against Stokes Manufactured Homes, Inc., (the defendant) asserting that the defendant's negligent conduct caused her to trip and fall on the defendant's premises. From a jury verdict for plaintiff, the defendant appeals. We affirm.

The defendant is a retail dealer of mobile homes. The defendant engaged the plaintiff to clean newly delivered homes to make them suitable for showing to potential buyers. The parties of this case have stipulated that the plaintiff's status was that of an independent contractor.

Viewing the evidence most favorably to the plaintiff, the record shows that she was injured one afternoon after entering a darkened double-wide mobile home from the bright outdoors. She testified that when she first entered, her eyes did not quickly adjust to the dark. One of two bundles of roofing shingles was standing on the floor some three feet inside the door of the mobile home. Intending to begin cleaning, the plaintiff testified that she did not see the shingles and tripped over them.

The draperies inside the trailer were not drawn from the windows so as to allow in sunlight. Also the lot upon which the mobile home sat was without electricity, so no lights functioned in the mobile home; the plaintiff knew this. On occasions, the plaintiff requested the defendant to hook up a generator so that the mobile homes were lighted while she

was cleaning. Roofing shingles are placed inside the mobile home (presumably by the manufacturer) because they are used in assembling the two-piece structure of a double-wide mobile home after delivery from the manufacturer. After bolting the halves together, roofing shingles are inserted over the seam in the center. The plaintiff testified that of the 18 or so other mobile homes she had cleaned before, this was the only one in which shingles were on the floor near an entrance. In other mobile homes she had found shingles stored in the closet and nowhere else.

The defendant's witnesses testified that their normal procedure was as follows: a third party would completely "set up" the double wide, to include installing the shingles; the defendant would then inspect the double wide and after inspection, the defendant would instruct the plaintiff to clean it.

The double-wide mobile home in this action obviously had not been completely set up and the defendant had not yet inspected it. A witness for the defendant testified that the plaintiff had not been instructed to clean the double wide.

The plaintiff testified that standard procedure was for the defendant's personnel to tell her each day which mobile homes were ready to be cleaned and that she had been informed that this double-wide mobile home "was ready except for the shingles."

The plaintiff was not wearing her glasses when she tripped, but testified that her eyes "weren't that bad."

The issues on appeal are (1) whether there is any evidence of record that reasonably supports the conclusion that the plaintiff was not contributorily negligent and had not assumed the risk of injury and (2) whether there is any evidence that reasonably supports the conclusion that the condition of the premises was not a defect of which the plaintiff should have known.

In an action at law, on appeal of a case tried by a jury, the jurisdiction of this court extends merely to the correction of the errors of law, and a factual finding of the jury will not be disturbed unless a review of the record discloses no evidence which reasonably supports the jury's findings. *Haskins v. Fairfield Electric Coop.*, 283 S. C. 229, 321 S. E. (2d) 185 (Ct. App. 1984).

The rule of law applicable to the case on hand is that the owner of property owes to an invitee the duty of exercising reasonable or ordinary care for his safety, and is liable for injury resulting from the breach of this duty. 65 C.J.S. *Negligence* Section 63(45) (1966). This is the universal law of the United States as will be reflected by the annotation of cases of this section. This rule is, in effect, recognized in the case of *Bagwell v. McLellan Stores*, 216 S. C. 207, 57 S. E. (2d) 257 (1949); there the Supreme Court dealt with the duty of an owner of property to exercise ordinary care to keep the aisles and passage ways in a reasonably safe condition; this case is particularly applicable to the case on hand because the shingles were placed in the pathway immediately in front of the door by which the plaintiff entered the mobile home.

The defendant does not dispute the above rule of law as being applicable to the case on hand; the defendant, however, argues that as a matter of law they were entitled to a directed verdict or judgment n.o.v. on their defenses of assumption of risk and contributory negligence.

With respect to the defenses of contributory negligence and assumption of risk, the defendant argues that the facts of this case give rise to the application of the "step-in-dark rule." Defendant quotes from the Florida case of *Rubey v. William Morris, Inc.*, 66 So. (2d) 218 (Fla. 1953) these words:

A person who comes into an unfamiliar situation, where a condition of darkness renders the use of his eyesight ineffective to define his surroundings, is not justified, in the absence of any special circumstances, in proceeding further, without first finding out where he is going and what may be the obstructions to his safe progress. Violation of that rule is contributory negligence as a matter of law.

We cannot accept the broad and unqualified rule announced by the Florida Court in the above quoted case. The step-in-the-dark rule has many ramifications and has given rise to much litigation involving numerous factual situations. *See* Annotations in 28 A.L.R. (3d) 605 (1969), 25 A.L.R. (3d) 446 (1969), 24 A.L.R. (3d) 388 (1969), 23 A.L.R. (3d) 365 (1969) and 22 A.L.R. (3d) 286 (1968). We quote from a sum-

mary of this law contained in 28 A.L.R. (3d) 605 at 614 (1969).

> One confronted with darkness in an interior structure is required to exercise ordinary care under the circumstances in deciding whether and how to proceed. What constitutes ordinary care depends on the facts of each case. Among the facts bearing strongly on the issue of contributory negligence are the nature of the structure and of the room where the plaintiff walked; the plaintiff's status; whether the plaintiff was misled by appearances or by reliance on a custom; whether he sought and followed instructions regarding how to proceed; whether he was warned of danger; whether he followed another person or a course of his own choosing; his experience with similar structures; the necessity for reaching his destination; the availability of another, safer route; his familiarity with the place where he walked and with the dangers therein; the availability of light to illuminate the dark area; the degree of darkness; and the plaintiff's manner of proceeding.
> Various special rules emphasize one or another of these factors. The step-in-the-dark rule rests on unfamiliarity, lack of necessity, and lack of examination before proceeding.

The step-in-the-dark rule is novel to this state; to our knowledge, this is the first case by which the issue has been squarely presented on appeal. But if the rule is applied to the facts of this case, the defendant failed to prove a defense under the rule. And we think that the jury did apply the rule to the facts of the case on hand. The step-in-the-dark rule was argued by the defendant upon its motion for directed verdict and the post-verdict motions. The defendant failed to include the jury charge in the transcript of record. And there is no objection of record to the jury instructions. We can but assume that the jury was fully instructed about the applicable law and resolved it against the defendant.

On appeal in deciding whether the trial court erred in directing a verdict or in overruling motions for a new trial or judgment n.o.v. based upon the failure to direct a verdict, the evidence and all reasonable inferences which can be

drawn therefrom must be viewed in the light most favorable to the non-moving party. *See Timmons v. McCutcheon*, 284 S. C. 4, 324 S. E. (2d) 319 (Ct. App. 1984).

With the above rule in mind, we find that there is ■ evidence of record (1) that the plaintiff was not adequately warned of the danger, (2) that the shingles had always before been put in the closet and not in the pathway of an entrance, (3) that the plaintiff's previous experience in cleaning the mobile homes was such as to lead her to believe that the entrance was safe and (4) that the plaintiff did not proceed precipitously. We hold that a jury issue was presented as to contributory negligence and assumption of risk. The jury rejected these defenses and found for the plaintiff. There is evidence of record to support the jury's finding. We therefore, reject the arguments that, as a matter of law, the plaintiff was either contributorily negligent or assumed the risk. And we so hold.

We summarily reject issue number 2 relating to ■ whether there was any evidence of record which reasonably supports the conclusion that the condition of the premises was not a defect of which the plaintiff should have known. The plaintiff had never encountered shingles in a pathway of an entrance. And we so hold.

For the reasons stated, the appealed order is affirmed.

Affirmed.

SHAW and CURETON, JJ., concur.