**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Joann A. Wright, Appellant,

v.

William Enos, Respondent.

Appellate Case No. 2012-213195

---

Appeal From York County
Robert E. Guess, Family Court Judge

---

Unpublished Opinion No. 2015-UP-388
Submitted July 1, 2015 – Filed July 29, 2015

---

**AFFIRMED**

---

Joann A. Wright, pro se, of Brandenton, FL.

Daniel Dominic D'Agostino, of D'Agostino Law Firm, of York, for Respondent.

---

**PER CURIAM:** Joann A. Wright (Mother), pro se, appeals the family court's order declining to modify prior custody and visitation orders and declining to hold William Enos (Father) in contempt based on Mother's rule to show cause, arguing the family court erred in (1) allowing leading questions during Father's testimony, (2) not finding Father in contempt for failing to make $100 payments related to the

purchase of a tax exemption, (3) not finding Father in contempt when he did not pay Mother the money she would have received had she claimed her son Nathaniel on her taxes, (4) not finding Father in contempt when he failed to pay child support, (5) not finding Father in contempt when he failed to make payments for college expenses, (6) finding that if Mother was not employed before September 1, 2012, child support would be recalculated based on an imputed $75,000 income, (7) finding Mother should provide "actual and un-redacted tax returns," and (8) ordering Mother to pay attorney's fees.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: *Timmons v. McCutcheon*, 284 S.C. 4, 9, 324 S.E.2d 319, 322 (Ct. App. 1984) ("Examination of a witness is a matter generally within the discretion of the [family court]."); Rule 611(c), SCRE ("Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness'[s] testimony.  Ordinarily leading questions should be permitted on cross-examination.").

As to Issues 2, 3, 4, and 5: *Miller v. Miller*, 375 S.C. 443, 452, 652 S.E.2d 754, 759 (Ct. App. 2007) ("An appellate court should reverse a decision regarding contempt only if it is without evidentiary support or the [family court] has abused [its] discretion." (internal quotation marks omitted)); *id.* ("An abuse of discretion occurs either when the court is controlled by some error of law or where the order, based upon findings of fact, lacks evidentiary support." (internal quotation marks omitted)); *id.* at 454, 652 S.E.2d at 759 ("Contempt results from the willful disobedience of an order of the court." (internal quotation marks omitted)); *id.* at 454, 652 S.E.2d at 759-60 ("A willful act is one which is done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law." (internal quotation marks omitted)); *id.* at 454, 652 S.E.2d at 760 ("Where a contemnor is unable, without fault on his part, to obey an order of the court, he is not to be held in contempt." (internal quotation marks omitted)).

As to Issue 6: *Bryson v. Bryson*, 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority."); *Jones v. Leagan*, 384 S.C. 1, 20-21, 681 S.E.2d 6, 16-17 (Ct. App. 2009) (holding a party abandoned an argument on appeal when he cited no legal authority to support the argument).

As to Issue 7: *Engle v. Engle*, 343 S.C. 444, 454, 539 S.E.2d 712, 717 (Ct. App. 2000) ("The allocation of a dependent tax exemption is within the family court's discretion."); *Re: Rule 41.2, SCRCP*, S.C. Sup. Ct. Order dated July 18, 2014 (providing the provisions of Rule 41.2, SCRCP—which detail the types of personal information parties are required to redact in court filings—does not apply to filings in the family court that are confidential and not publicly accessible).

As to Issue 8: *Farmer v. Farmer*, 388 S.C. 50, 54, 694 S.E.2d 47, 49 (Ct. App. 2010) ("The decision to award attorney's fees is . . . within the family court's discretion and will not be disturbed absent an abuse of discretion."); *id.* at 57, 694 S.E.2d at 51 ("A family court should *first* consider the following factors as set forth in *E.D.M. v. T.A.M.*, [307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992),] in deciding *whether* to award attorney's fees and costs: (1) each party's ability to pay his or her own fee; (2) the beneficial results obtained by the attorney; (3) the parties' respective financial conditions; and (4) the effect of the fee on each party's standard of living."); *id.* ("After deciding to award attorney's fees, a family court should then consider the following factors as set forth in *Glasscock* [*v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991),] in deciding *how much* to award in attorney's fees and costs: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services.").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.